## JULIUS J. NOSEK, JR.
vs.
## WINCHESTER REPEATING ARMS COMPANY

Superior Court      New Haven County        File #49247

Present:   Hon. ALFRED C. BALDWIN, Judge.

Albert M. Herrman,              Attorney for the Plaintiff.

Thomas R. Robinson,             Attorney for the Defendant.

### MEMORANDUM FILED MARCH 9, 1936.

BALDWIN, J.   The Commissioner has found that the claimant entered the employ of the respondent-employer December 10, 1934, and worked until August 7, 1934:   That

in February, 1935, while working as a press operator, he fell on a slippery floor some four or six times striking his right knee; that claimant could recall no other accident which affected this knee; that in April he began having trouble with this knee when he put his full weight upon it and when in a squatting position, and that in May it was becoming stiff and there was further pain and difficulty in squatting and in straightening the leg and underneath the knee he found a swelling; that he continued with his employment and in July he told his foreman of his trouble who reported it to Dr. Vestal, respondent's surgeon, who examined and applied a bandage and subsequently, in July, caused x-rays to be taken which disclosed no bone injury; that on August 7, 1935, Dr. Vestal advised him to stop work and go to bed to rest the knee, which he did, that August 27, 1935, the swelling having subsided somewhat, he sent for Dr. Vestal who examined him that day and took him to the New Haven Hospital where he was examined further and his leg was put in a plaster cast from the thigh to the ankle in order to immobilize it, which cast remained thereon for about five weeks when he was sent by Dr. Vestal to Dr. Stewart for physio-therapy treatments; that at the time of the Commissioner's finding and award, January 13, 1936, claimant was able to walk, but he has a thickening of certain ligaments around the knee which interfere with extension of the leg and with squatting; that he consulted two other doctors who testified.

The Commissioner further finds that the condition of claimant's knee "might be due to repeated traumas to said knee and might be due to inflammatory rheumatism", and concluded that he "did not sustain any personal injury, within the meaning of the statute, arising out of and in the course of his employment."

The finding that the condition of claimant's "knee might be due to repeated traumas to said knee and might be due to inflammatory rheumatism", is indefinite and does not furnish an adequate basis, in view of the finding of the repeated falls upon this knee to support the conclusion drawn and the consequent denial of compensation.

In view of the condition of the finding it appears to me that the matter should be re-committed to the Commissioner for a further finding as to whether or not the condition of

the knee was caused by a trauma, or traumas, resulting from the slipping of claimant upon the floor while engaged in the employment of the respondent, or from some other cause or causes.

No evidence accompanied this appeal

The matter may be re-committed accordingly.