[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant's motion to strike count three is granted. The employer-employee relationship is not within the ambit of "trade or commerce" as defined in 42-110a(4) of the Connecticut Unfair Trade Practices Act.
The plaintiff, Paul Fitzgerald, filed a three count complaint against defendants Mathew Forelli and Precision Gear, Incorporated. The first count alleges breach of contract for termination of plaintiff's employment, the second count alleges fraudulent misrepresentation, and the third count alleges a CUTPA violation.
Neither the Connecticut Supreme Court no no nor the Connecticut Appellate Court has addressed the sufficiency of a CUTPA claim maintained by an employee against his employer. There is a split of authority in the trial courts. The following cases hold that CUTPA does not apply to the employer/employee relationship: Kintner v. Nidec-Torin Corp., 662 F. Sup. 112,113 (D.Conn. 1987); Andersen v. E J Gallo Winery, No. 85-345 (D.Conn. Nov. 7, 1985) (ruling on motion to CT Page 1392 dismiss); Wright v. The Bank of Darien, 3 CSCR 253 (1988, Harrigan, J.); Sherman v. Neurological Surgeons, P.C.,3 CSCR 314 (1988, McGrath, J.); Weiner v. Weathermaster Industries, Inc., 3 CSCR 314 (1988, Hennessey, J.); Keneally v. Prime Computer, Inc. 3 CSCR 439 (1988, Hale, J.); Krupa v. United Technologies, 2 CSCR 740 (1987, Maloney, J.) ("CUTPA does not cover disputes which arise . . . solely between an employee and his or her employer which concern exclusively the employer/employee relationship"); Carroll v. St. Mary's Hospital, 2 CSCR 1041 (1987, McDonald, J.); Mendillo v. The Lee Brook School, D.N. 87 02 29 20 S, J.D. of Ansonia/Milford at Milford, Memorandum of Decision on Motion to Strike (1987, Nash, J.) (citing Krupa with approval); Kriwitsky v. Town of Farmington, D.N. 419752, J.D. of Hartford/New Britain at Hartford, Memorandum of Decision on Motion to Strike (October 3, 1985, Goldberg, J.). The following cases have allowed the CUTPA claim to stand in instances involving employer/employee relationships: Delre v. Adkins, D.N. 22 89 22, J.D. of Fairfield at Bridgeport, Memorandum of Decision on Motion to Strike, September 28, 1987, Burns, J. (allowing the CUTPA claim to stand, although not discussing whether the employee/employer relationship falls within the definition of trade or commerce, only that unfair practices occurred (attached herein); Lanzetta v. Ferraro, 2 CSCR 427 (1987, Gill, J.).
I have concluded that the personnel decisions of the employer do not fall within the ambit of "trade or commence" as defined in 42-110a of the General Statutes.
The Motion To Strike Count Three is granted. The portion of the second and third prayers for relief which rely on42-110g must also be stricken.
Since the claims for punitive damages and attorney's fees are also based on the allegations of fraud appearing in the second count, the claims are not stricken.
GEORGE N. THIM, Judge