LELAND H. COLE, administrator, *vs.* BAY STATE STREET RAILWAY COMPANY.

Essex. March 10, 1916. — March 15, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Damages,* In tort. *Actionable Tort. Negligence,* Causing death.

All damages resulting to a person from personal injuries due to the negligence of another person should be recovered in one action. Two separate actions cannot be maintained by the same plaintiff, one for suffering and another for expenses incurred for medicine, nursing, care, and medical and surgical attendance caused by the same injury.

TORT by the administrator of the estate of Annie J. Chase for expenses incurred for medicine, nursing, care, medical and sur-

gical attendance rendered necessary by reason of injuries received by the plaintiff's intestate while a passenger upon a street railway car of the defendant.  Writ dated November 11, 1914.

The action was tried, together with an action by the same plaintiff for the death and conscious suffering of the intestate, before *Irwin*, J.  In the other action the jury found for the plaintiff in the sum of $7,000 for the death and $150 for conscious suffering. In the present action the evidence showed and the parties admitted that the plaintiff's intestate was injured by the negligence of the defendant and that charges of $90 for services of a surgeon and $22.95 for hospital expenses were proper and reasonable and were necessitated by the injuries caused by the defendant's negligence.

By agreement of the parties, the judge ordered a verdict for the plaintiff for the amount of his claims and reported the case to this court for determination, a verdict to be ordered for the defendant if the ordering of a verdict for the plaintiff was error; otherwise, the verdict for the plaintiff was to stand.

The case was submitted on briefs.

*M. L. Sullivan & J. J. Ronan*, for the defendant.

*W. A. Pew, H. E. Jackson & O. E. Jackson*, for the plaintiff.

BY THE COURT.  The medical, hospital and other similar expenses incurred by the plaintiff's intestate were a part of the damages arising from her personal injury and could have been recovered in that action.  *Turner* v. *Boston & Maine Railroad*, 158 Mass. 261, 266, 267.  They cannot be made the subject of a separate action.  *Sullivan* v. *Baxter*, 150 Mass. 261.  *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447, 455.

*Judgment for the defendant.*