WILLIAM H. CASSIDY *vs.* JOSEPH R. CONSTANTINE.

Middlesex. January 17, 1929. — October 9, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Husband and Wife. Damages,* In tort: husband's recovery for expenses caused by wife's injury.

*It seems,* that on a fair interpretation of G. L. c. 209, § 6, a wife is entitled, in an action of tort for personal injuries sustained by her, to recover damages based on proved future probable medical expenses, and that she is denied recovery of such expenses incurred in the past unless she can prove that the payment therefor has been made by her or that the liability therefor rests on her.

A husband is not entitled, in an action of tort against one who by his negligence caused personal injuries to the plaintiff's wife, to recover for expenses which probably would be incurred in the future because, as a further result of such injuries, an operation and additional treatment of his wife would become necessary.

TORT for personal injuries. Writ in the District Court of Lowell dated January 27, 1928.

Material facts and rulings in the District Court are stated in the opinion. The trial judge found for the plaintiff in the sum of $478 and reported the action to the Appellate Court for the Northern District. The report was ordered dismissed. The plaintiff appealed.

*M. G. Rogers,* for the plaintiff.

*W. H. Vincent,* for the defendant.

RUGG, C.J. This is an action by a husband to recover expenses for medical attendance, nursing and medicine incurred by him as a result of injuries sustained by his wife through the negligence of the defendant. Testimony was excluded to the effect that probably as a further future result of such injuries an operation and additional treatment at an estimated cost would become necessary. A requested ruling that if the plaintiff were entitled to recover, he might recover for probable future expenses in treating his wife for the injuries sustained by her was

denied. The correctness of these rulings is the question to be decided.

A plaintiff, other than a married woman and a minor in some circumstances, in an action to recover compensation for personal injuries sustained through the negligence of the defendant is entitled to have considered not only disbursements made and liabilities incurred for nursing and physicians' care before the time of trial, but also unascertained expenses of that nature likely to arise in the future as the result of the wrong done by the defendant. *Turner* v. *Boston & Maine Railroad*, 158 Mass. 261, 266, 267. There can be but one recovery and all factors of damages must be sought in a single action. *Cole* v. *Bay State Street Railway*, 223 Mass. 442. It is a part of the rule of damages in actions of negligence that a reasonable sum for estimated future necessary expenses of the kind here sought to be recovered constitutes a part of the liability of the wrongdoer.

At common law and before the enactment of statutes affecting the rights of married women a husband might without the consent of his wife release damages for injury to her person or, if collected in her lifetime, they became his separate property, and he might maintain an action in his own name alone for an injury to his wife which resulted in his loss of consortium with her. *Kelley* v. *New York, New Haven & Hartford Railroad*, 168 Mass. 308, 311. *Nolin* v. *Pearson*, 191 Mass. 283, 285. A necessary concomitant of such powers was the right to recover every element of damage founded on expenses for nursing and physicians whether already accrued or likely to arise in the future. An equally certain consequence of those principles was that there could be no recovery for such expenses by the wife. Most of these common law powers of the husband and limitations upon the wife have faded away under modern statutes, including the right to recover for loss of consortium arising out of actions for personal injuries to the wife. *Bolger* v. *Boston Elevated Railway*, 205 Mass. 420. *Feneff* v. *New York Central & Hudson River Railroad*, 203 Mass. 278. Actions for such personal

injuries must now be maintained by the wife or by her representative. The husband still remains the nominal and legal head of the family and is responsible for the reasonable support of the wife and for affording her necessary nursing and physicians' care. *Kenyon* v. *Vogel,* 250 Mass. 341, 344. The wife may, however, bind her separate estate for service of this nature. *Charron* v. *Day,* 228 Mass. 305. In those circumstances, if properly pleaded, she might recover therefor in an action for personal injuries sustained by her. The husband is presumed to be liable therefor and the wrongdoer is liable to him for his disbursements and obligations already incurred by him on this account. *Driscoll* v. *Gaffey,* 207 Mass. 102, 108. *Braun* v. *Bell,* 247 Mass. 437, 440. Stated as a principle of law the measure of damages against a wrongdoer is the same whether the person injured is a married woman, single woman or man. He is bound to make compensation for the injury inflicted. As a practical matter the wrongdoer ought not to escape in part the consequences of his tort provided the person injured is a married woman. This precise question is not settled by authority in this Commonwealth. The point was not raised in *Hunt* v. *Boston Terminal Co.* 212 Mass. 99, and all that there was said related to different contentions.

There are two ways of meeting the situation. One is by resorting to the common law history of the relation· of husband and wife and by emphasizing the fact that in any event the husband will be liable for such future expenses as and when they arise. By this line of reasoning the conclusion logically might be reached that the husband ought to recover for such future estimated expenses. The other method of approach to the problem is through the modern statutes as to the rights of married women. "A married woman may sue . . . in the same manner as if she were sole; but this section shall not authorize suits between husband and wife." G. L. c. 209, § 6. See *Frankel* v. *Frankel,* 173 Mass. 214. These words in this context interpreted in the light of the preëxisting law and the mischief intended to be remedied can hardly be given a narrow

meaning.  They mean that in the main she stands in the
courts on the same footing as other litigants.  The obliga-
tion of the husband to support her is for her advantage
and not to her detriment.  To sue "in the same manner"
as if she were sole according to the common and approved
usage of the language means that, if entitled to recover, her
damages are to be measured by the same standard as those
of other litigants.  We think that these words refer both to
the extent of rights to be established and to the mode of as-
certaining and declaring those rights.  *Natick Gas Light
Co.* v. *Natick,* 175 Mass. 246, 248.  The rule has been
established, as already pointed out, that if nothing appears
the husband is presumed to have incurred such expenses
as theretofore have been necessary.  The presumption is
not absolute; the facts may be proved.  If the husband
should recover for such estimated future expenses, that
money would be his.  *Erickson* v. *Buckley,* 230 Mass. 467,
471.  He would not hold it upon any trust.  He could
dispose of it as he chose.  He could give it away or spend
it.  It would become a part of his estate and in case of his
death, would be liable for his debts and might not be avail-
able for the benefit of the wife when the necessary expense
should be incurred.  Husbands like everybody else may
be presumed to do their duty.  *Patterson* v. *Pendexter,* 259
Mass. 490, 494.  It is, however, common knowledge that
divorces are frequent, that husbands occasionally squander
their substance and sometimes desert their wives and
otherwise fail in the performance of their full conjugal
duties.  So far as policy is to be considered, it points to
the desirability of recovery by the wife of this element of
damage.  We think that on a fair interpretation of G. L.
c. 209, § 6, the wife is entitled to recover damages based on
proved future probable medical expenses, and that she is
denied recovery of such expenses in the past unless she can
prove that the payment therefor has been made by her or
that the liability therefor rests on her.  Of course there
cannot be a double recovery.  It follows that the plaintiff
is not entitled to recover such estimated future expenses
and that the residuum of the common law rights still left

under modern statutes to her husband does not include this element. This is the rule established as to minors even though liability for future support rests on the father or parent. *Horgan* v. *Pacific Mills*, 158 Mass. 402, 404. *Clarke* v. *Eighth Avenue Railroad*, 238 N. Y. 246, 250, 251. There are decisions having a contrary appearance. *Indianapolis Street Railway* v. *Robinson*, 157 Ind. 414. See *Butler* v. *Manhattan Railway*, 143 N. Y. 417, 420. But they do not overcome the force of the reasons upon which this judgment rests. There was no error in excluding the evidence and in denying the requested ruling.

*Order dismissing report affirmed.*