## LOMAS & NETTLETON COMPANY
vs.
## CITY OF NEW HAVEN

Superior Court      New Haven County      File #49161

Present: Hon. ALFRED C. BALDWIN, Judge.

Frank Goldman,                    Attorney for the Plaintiff.

David S. Rivkin,
Assistant Corporation Counsel, Attorney for the Defendant.

### MEMORANDUM FILED JANUARY 27, 1936.

BALDWIN, J. In this action a judgment is claimed declaring certain tax assessments and liens therefor were excessive and requiring defendant to reduce the assessments and the liens and taxes and a recovery of overpayment of taxes

if the court should reduce the assessment upon which any tax has been paid, other equitable relief and damages.

The action was brought December 24, 1935, and served December 26, 1935, and is in four counts, the first count is upon the assessment on the list of 1934; the second count is upon the assessment on the list of 1933; the third, is upon the assessment on the list of 1932, and the fourth is upon the 1931 list.

It is alleged in the fourth count that the tax assessed upon the 1931 list has been paid.

Defendant has demurred to the second, third and fourth counts of the complaint. First, upon the ground that it does not appear that the action was brought within the time required by statute. Second, because it appears from the provisions of the statutes that the action for relief from assessments laid on the lists of 1931, 1932 and 1933 was not brought within one year from the time the taxes laid on such lists became due and payable.

The third and last ground of demurrer is general and is therefore overruled.

The allegation of the counts to which the demurrer is addressed are in substance alike. They respectively allege, that under all of the circumstances . . . . said assessment and valuation were manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining such valuation of said property, and were greatly in excess of the fair market value and the true and actual value of the property at the time and assessment date. Also, the assessment is larger than other assessments placed on other real properties of equal value on the same grand list, and was of greater proportion to actual value than other assessments of other similar and dissimilar properties on the same grand list.

Section 375c of the Cumulative Supplement to the General Statutes provides:

"When it shall be claimed that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such

property, the owner thereof, prior to the payment of such tax, may, in addition to other remedies provided by law, make application for relief to the Superior Court of the County in which such town or city is situated. Such application may be made within one year from the time when such tax due", etc.

In Conn. Light & Power Co. vs. Oxford, 101 Conn. 383, 126 Atl. 1, the Court, discussing the provisions of the Act quoted from, at page 389, said,

"We should also note at the outset, that action under this statute is to be taken within one year from the time when the tax became due, that is 'on the first day on which the collector thereof, according to the terms of the notice given by him, is ready to receive them'." . . . . "The remedy provided is directed toward one thing only, an existing tax; the time during which the remedy can be invoked is definitely one year."

The tax levied on the assessment list of 1933 was due January 1, 1934. This action was brought, insofar as the second count is concerned, within the time provided by law.

The demurrer is therefore overruled as to this count.

As to the third and fourth counts the action was not brought within the time provided by law, and as to the fourth count is was not brought before the tax had been paid, as provided by law.

The demurrer is therefore sustained as to these counts upon the first and second grounds.