## MAX KATZ
### vs.
## JOSEPH F. COHN, ET AL.

Superior Court     New Haven County     File #48864

Present: Hon. FRANK B. McEVOY, Judge.

David M. Reilly;
M. Rosenthal,        Attorneys for the Plaintiff.

Pelgrift & Blumenfeld,     Attorneys for the Defendants.

**MEMORANDUM FILED SEPTEMBER 14, 1936.**

121 Conn. 545
122 Conn. 338

McEVOY, J. In this action the plaintiff sought to recover damages for injuries occasioned to the plaintiff's wife by reason of the operation of an automobile upon a public highway by the defendant.

Among the items of claimed damages, as set out in the original complaint dated November 20, 1935, is the claim that "the plaintiff . . . . will be obliged to expend further sums in the future for the employment of a housekeeper . . . ." (Paragraph 9).

Substantially the same specification appears in amended complaint of April 27, 1936.

Upon the trial of the cause the evidence in support of this allegation, as first offered, was such that it might have been construed to include a claim for loss of consortium.

The Court and counsel then discussed the case of **Marri vs. The Stamford Street Railroad Company, 84 Conn. 9.**

As a result of this discussion amendments to the complaint were filed, during the trial as of April 29 and April 30, 1936, and, in these amendments, and the arguments to the jury based upon them, all claim for loss of consortium and for any services to the plaintiff husband by the plaintiff's wife was abandoned and disclaimed and the claim of the plaintiff, in this respect, was definitely limited to recovery for expenditures

actually made for the services of a maid for the actual care of the plaintiff's wife and for services of a maid to be made in the future for the same purpose.

This claim was the subject of several conferences in chambers by all counsel with the trial Judge and this phase of the issues was definitely set out and clarified by the addition to the first count of a paragraph 11, consisting of 12 items.

The eleventh item set out, in detail, was the expenditure by the plaintiff of the sum of $220.00 which was one-half the total sum paid at $12.00 per week for twenty weeks—plus $5.00 per week board for the maid, i.e. $11.00 per week for twenty weeks $220.00.

The twelfth item of the amendment of April 30, 1936, set out in like detail a claim for a similar expenditure to be made for 156 weeks, in the future, a total of $1716.00 for this item.

Before argument the plaintiff submitted written requests to charge which included, amongst other claims, the identical twelve items as set out in the amendment to the complaint.

The plaintiff also requested the Court to charge the jury as follows:

12. In awarding damages in a case of this kind it is your duty to make such an award which will fully, adequately and completely compensate the plaintiff for all of the injuries and for all of the loss or expenditure of money. It should be borne in mind that the plaintiff cannot come into Court in the future asking for a further sum. The amount that you fix today controls and is decisive.

There was credible evidence before the jury upon which to base such charge. The Court did so charge. In connection with the form of verdicts submitted to the jury, the Court, without objection having been made, also instructed the jury that, in the event of a verdict in favor of the plaintiff, it should also fill out and sign interrogatories which the jury, by its foreman, duly did.

Question 2 of the interrogatory was duly answered in the sum of $220.00 which was the identical amount claimed by the plaintiff for expenditures actually made for services rendered to the plaintiff's wife including a reasonable sum for board of the maid who rendered the services.

Upon the argument of this motion to set aside the verdict counsel for the defendant waived objection to the inclusion of this item of $220.00 as part of the damages and admitted that that amount was properly awarded to the plaintiff.

In its answer to the third question of the interrogatory the jury assessed $1500.00 upon the evidence as to the twelfth item of the amendment which was for future expenditures for the care of the plaintiff's wife—$1716.00. The amount having been assessed by the jury was therefore $216.00 less than the amount claimed.

Upon argument of the motion to set aside the verdict no claim was made that there was not credible evidence upon which such amount might be based.

The sole claim made by the defendant, upon the argument of the motion to set aside the verdict, was that, while the plaintiff might properly be compensated for such expenditures as he already had made, yet, it was not proper to include in the verdict any sum for **future** expenditures to be made by the plaintiff for such care of his wife or, as the defendant more clearly states:

"In his motion to set aside the verdict, the defendant presses one point only, namely that the amount of $1500.00 included in the verdict in answer to question three of the interrogatory submitted should be remitted on the ground that an award for future care and assistance of the plaintiff's wife is not an item of damage to which he is entitled to recover."

In support of defendant's motion to set aside the verdict reliance seems to be, mainly, upon **Cassidy vs. Constantine, 269 Mass. 58, 66 A.L.R. 1186—168 N.E. 169,** and also upon **Gaillard vs. Boynton (N.H.) 70 Fed.—2d Series—552.**

The decision upon the motion requires consideration of

1. The duty of the husband.
2. The rights of the wife.
3. The rights of the husband.

Taking these subdivisions in their order:

1. The duty of the husband.

Any person who shall unlawfully neglect or refuse to support his wife shall . . . . be deemed guilty of a felony . . . .

unless . . . . he is unable to furnish such support.

. . . . The Court . . . . shall accept a bond . . . . for the support of the wife . . . . for the term of not more than one year . . . .

Section 6265 G. S. 1930.

It shall be the duty of the husband to support his family, and his property when found shall first be applied to satisfy any such joint liability; and the wife shall be entitled to an indemnity from the property of the husband for any property of her own that shall have been taken, or for any money that she shall have been compelled to pay, for the satisfaction of any such claim.

Last paragraph of Section 5155 G. S. 1930.

The funeral expenses of a married woman shall be paid out of her estate, if sufficient therefor, but if not sufficient therefor they shall be paid by her husband.

Section 4968 G. S. 1930.

". . . . though the plaintiff (wife) had directly incurred an obligation to the physician . . . . the latter still had an option to look to the plaintiff and defendant (husband) jointly for payment, with a primary responsibility upon the defendant (husband) to pay, under the statute, or to the defendant, alone, under the common law."

Bushnell vs. Bushnell, 103 Conn. 583 at page 596 citing

Buckingham vs. Hurd, 52 Conn. 404, 406.

Fitzmaurice vs. Buck, 77 Conn. 390, 391.

Ematrudo vs. Gordon, 100 Conn. 163, 167.

"and until it appeared that he (the physician) proposed to look to the plaintiff (wife) alone for payment, the amount of his bill would not be recoverable by her as an element of her damages."

Bushnell vs. Bushnell, 103 Conn. 583 at 596.

2. Rights of the wife.

"The separate earnings of the wife shall be her sole property. She shall have power to make contracts with her husband. . . . . She may bring suit in her own name . . . . for torts. . . . ."

Section 5154 G. S. 1930.

"It is the established law of this State that the right of a wife to sue her husband for tort is the same as that of a third party, except as it is modified by Statute or necessarily affected by the marriage relationship."

Bushnell vs. Bushnell, 103 Conn. 583.

"The possible hardship upon a husband who is in fact providing sustenance and maintenance for his family, in having bills contracted for the same purpose against his will, and in having purchases made from those with whom he does not desire to trade, was undoubtedly weighed by the General Assembly. It balanced this with its desire to give to the wife a remedy more liberal than the common law gave her, one which should in every case give her the right to procure, **upon the husband's credit,** sustenance and maintenance for his family when these had in fact gone to the family support."

Howland Dry Goods Company vs. Welch, 94 Conn. 265, at 268.

"Support" is also generally used to mean articles for the sustenance of the family. 3 Bouvier's Law Dictionary, page 3189.

"Benefit" is defined in Webster's Dictionary as "advantage; gain, profit."

The right to recovery by the wife against the husband in Connecticut is to be distinguished from the lack of such right in Massachusetts where the wife is not permitted to sue the husband for his negligence.

Lubowitz vs. Taines, January 3, 1936, 198 N. E. 320-321; 30 C. J. 714—915.

In that jurisdiction suits at law between husband and wife are not permitted.

"It does not, however, by any means follow that the support which the Statute contemplates is one to be arbitrarily determined by the ordinary cost of pauper support, and that it is not to be determined with a due regard to all the circumstances relating to the situation and needs of the dependent, including his health, education, refinement, condition in life and the surroundings in which and the manner of life to which he has been habituated. Far from it. The Statute contemplates a

support which is a reasonably proper one under all the circumstances, as the support of an unfortunate which others are commanded to provide."

**Belden vs. Belden, 82 Conn. 611 at 614.**

". . . . the wife's right of recovery must be regarded as exclusive, except, of course, as to expenses which the husband may have been called upon to incur by reason of the wife's injury. The right to recover these rests upon a different basis."

**Marri vs. Stamford Street Railroad Company, 84 Conn. 9, at 23.**

"To support a wife is to furnish her with such necessaries as the law deems essential to her health and comfort, including suitable clothing, lodging, food and medical attendance. What they are in kind and amount, is determined in each case by the means, ability, social position and circumstances both of the particular husband and of the wife."

**State vs. Kelly, 100 Conn. 727 at 730, quoting from The State vs. Moran, 99 Conn. 115 at page 119.**

". . . . The failure of the wife to fulfill this duty does not relieve the husband of his duty to support."

**Id. 727 at 731.**

In a direct equitable action by a wife against her husband, the measure of the husband's duty is that support to which the wife is entitled by virtue of the marital contract. It is not limited to that provision for support which the selectmen would be required to furnish for a poor person or pauper.

**Smith vs. Smith, 114 Conn. 575.**

It thus appears that, in Connecticut, an action in equity, may be brought by the wife directly against her husband for the support claimed.

This situation is generally, though not universally recog nized, independent of a Statute.

**Artman vs. Artman, 111 Conn. 124 at 129.**

The Statute manifestly was designed to compel the unwilling, and not to constrain those who have acted and are disposed to act fairly and reasonably in the performance of their duty.

Lathrop vs. Lathrop, 78 Conn. 650 at 652.

3. Rights of the husband.

In such cases it is clear that the right of action, so far as the expenses are concerned, is in the husband alone. It was his duty to pay such expenses and the presumption is he did so.

Tompkins vs. West, 56 Conn. 478 at 486.

"if the doctor's bill was one which constituted a direct primary obligation of the defendant (husband), the plaintiff (wife) would not be entitled to have it included as an element in the damages awarded her."

Bushnell vs. Bushnell, 103 Conn. 583 at 595.

"until it appeared that he (the doctor) proposed to look to the plaintiff (wife) alone for payment, the amount of his bill would not be recoverable by her as an element of her damages."

Bushnell vs. Bushnell, 103 Conn. 583 at 596.

Section 1660C does not affect or limit the right of the husband to recover as this Section is so worded as to prevent recovery by a plaintiff, other than the husband, for expenditures or indebtedness incurred by the husband—but only when the husband shall have endorsed his consent upon the complaint prior to service upon the defendant.

It is further well settled that in a personal injury action damages are assessed up to the date of the trial and include all future as well as past sufferings and disabilities.

Duffy vs. Bishop Company, 99 Conn. 573.

In an action of tort, the jury may give damages arising not only before the action was brought but afterwards down to the time when, as appears from the evidence, the disability may reasonably be expected to cease.

Cordner vs. Hall, 84 Conn. 117 at 121.

Johnson vs. Connecticut Company, 85 Conn. 438.

City of Bridgeport vs. Aetna Ind. Company, 91 Conn. 197.

Pinney vs. Winsted, 83 Conn. 411, 416.

In Golden vs. Rhode Island Paper Company, 44 R. I.

231, 116 Atl. 579 it was held that the husband might recover for future expenditures for aid and assistance to his wife in the care of his home.

Gaillard vs. Boynton, 70 Fed. 2d Series, 552—a New Hampshire case—upon which the defendant apparently relies—goes no further than to hold that in an action by an injured wife having no employment outside her family she may not recover damages for her loss of time while trying to affect a cure and she may also not recover for impaired earning capacity in future.

The opinion contains some observations as to the Connecticut law but it is very evident that either the Court was not aware or did not have its attention called to several important qualifications to the rights of the wife and to the general liability of the husband in Connecticut for support.

It was, however, the law of the land, which the parties and Court were conclusively presumed to know.

Cunningham vs. Cunningham, 72 Conn. 157 at 160.

The main reliance of the defendant is upon Cassidy vs. Constantine, a Massachusetts case reported in 168 N. E. 169.

In the opinion that Court does hold that

"There can be but one recovery and all factors of damages must be sought in a single action."—citing Cole vs. Bay State Street Railroad Company, 223 Mass. 442.

And further that "a reasonable sum for estimated future necessary expenses . . . constitutes a part of the liability of the wrong-doer." .

The Court further decided that, at common law, a right to recover for future expenditures belonged solely to the husband and not to the wife.

The Court also stated that, since the wrong-doer is bound to compensate for the entire injury occasioned by him that "he ought not to escape in part the consequences of his tort provided the person injured is a married woman."

The Court then says "if the husband should recover for such estimated future expenses, that money would be his. . . . . He would not hold it upon any trust. He could dispose of it as he chose, and, in case of his death, it might

not be available for the benefit of the wife when the necessary expenses should be incurred."

These observations are followed by a discourse upon the possibility of desertion or divorce.

It is important to note that these observations as to the possible future failure of the husband to perform his common law and statutory duty are not based upon any evidence in the case indicating such possibility or probability but arise only out of conjecture.

The records of the Superior Court at New Haven show that the injured wife of the plaintiff has already recovered all the damages to which she is entitled. She may not recover further damages from this defendant. The damages which will arise for necessary future expenditures for her care were not claimed by her nor were they included in her award by the jury. If the plaintiff is to be denied this item of damages than the defendant will be unjustly enriched to that extent.

A present conjecture as to plaintiff's possible failure in the future to support his wife as required by law does not furnish a basis for denial to the plaintiff at the present time of his full remedy to which he is at law entitled.

The plaintiff's brief closes with the suggestion that "the plaintiff is willing to submit to an order of the Court that this amount of $1500.00 be set aside in trust for the benefit of the wife to meet such expenses . . . ."

The plaintiff thus makes an express offer to comply with the spirit of the tenth maxim in equity which is that "equity imputes an intention to fulfill an obligation".

Despite the proferred willingness of the plaintiff to acquiesce in and to comply with such an order no such order ought to be entered.

No order ought to be entered which the Court may not enforce.

Under the law the plaintiff is entitled to this money now and any attempted restriction or qualification of this right by the Court would constitute an unwarranted interference with such right.

The motion to set aside the verdict is denied.

The plaintiff's motion to double or treble the damages is denied.