[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIRE (No. 110)
On January 5, 1990, plaintiff Dwyer Products Corporation ("Dwyer") filed this action in two counts against defendant Lafayette Bank Trust Company ("Lafayette"). Count CT Page 987 one of the complaint alleges a violation of Connecticut General Statutes 42a-3-419 in conversion for paying on a forged endorsement. Count two alleges violation of Connecticut General Statutes 42-110 et seq., Connecticut's Unfair Trade Practice Act ("CUTPA"). More specifically, count two alleges that Carothers Construction, Inc. executed and delivered a check to a Peter Coyne. According to the revised complaint, Peter Coyne forged the plaintiff's endorsement and presented the check to the defendant Lafayette, who paid to Coyne the amount of the check, in violation of Connecticut General Statutes 42a-3-419. Plaintiff alleges that it has been damaged in the amount of $31,680.64 plus interest.
On February 7, 1990, defendant Lafayette filed a motion to strike the second count of the revised complaint and a supporting memorandum of law. The defendant moves to strike on the grounds that: (1) a bank is not subject to liability under CUTPA, (2) the facts as alleged by plaintiff do not support a CUTPA violation, and (3) banking transactions are exempt from CUTPA pursuant to Connecticut General Statutes 42-110C.
On March 7, 1990, plaintiff Dwyer filed a memorandum of law in opposition to the motion to strike.
"The purpose of a motion to strike is to `contest . . .the legal sufficiency of the allegations of any complaint . . .to state a claim upon which relief can be granted.' Practice Book 152 (citation omitted)." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 270 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). "Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Connecticut Practice Book 155.
Connecticut General Statutes 42-110b provides, in pertinent part, that:
 (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
In determining whether a practice violates CUTPA, the court should employ these criteria:
 (1) [W]hether the practice, without necessarily having been previously CT Page 988 I considered unlawful, offends public policy I as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254 (1988).
The exemptions to CUTPA's coverage are set forth at Connecticut General Statutes 42-110C. That statute provides, in pertinent part:
(a) Nothing in this chapter shall apply to:
 (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States. . . .
There are no cases on point from the Connecticut Supreme Court determining whether CUTPA applies to banks. In Weisman v. Westport Bank Trust Co., 1 CSCR 283, 284 (April 30, 1986, Zoarski, J.), the court reasoned that since CUTPA is a remedial statute and is to be construed liberally to effectuate its public policy goals, granting banking institutions a CUTPA exemption may be improper judicial expansion of a legislative exception. Judge Zoarski's reasoning was adopted by the court in Peterson v. People's Bank, D.N. 89-362753, J.D. of Hartford-New Britain at Hartford, Memorandum of Decision on Motion to Strike, December 5, 1989, Freed, J. In addition, the following cases held that CUTPA did apply to banking: Wright v. Bank of Darien, 3 CSCR 253, 253 (January 25, 1988, Harrigan, J.); Andrews v. Connecticut Bank Trust Co., 1 CSCR 795
(September 22, 1986, T. Sullivan, J.); Poquonnock Avenue Associates v. Society for Savings, 6 Conn. L. Trib. No. 17, p. 20 (Super.Ct., April 15, 1980, Hendel, J.).
In People's Bank v. Horesco, 1 CSCR 62 (January 22, 1986, Jacobson, J.) however, the court considered the court's prior ruling (Maiocco, J.) granting a motion to strike on the ground that CUTPA does not apply to banks. The court refused to overturn the prior ruling striking counts of the defendant's counterclaim. The Horesco case has been cited by other courts as the only case supporting the contention that CUTPA is CT Page 989 inapplicable to banks. See, e.g., Ebersol McCormick v. Torrington Savings Bank, D.N. 048160, J.D. of Litchfield at Litchfield, Memorandum of Decision on Motion to Strike, May 26, 1989, Pickett, Jr. This court, as it has previously ruled, finds that CUTPA does not apply to banking, and the motion to strike is granted on that ground.
In addition, even if this court were to find that CUTPA is applicable to banking, the facts alleged by the plaintiff in the second count do not support a CUTPA violation. The plaintiff has not alleged facts in the second count sufficient to plead a CUTPA claim. The plaintiff has alleged that the plaintiff's endorsement was forged and that the defendant bank paid the forger the amount of the check. The plaintiff claims that such action violated Connecticut General Statutes 42-110, et seq. and that such violation:
 "a. constituted an unfair and deceptive act and/or practice in the conduct of Trade and Commerce; and,
b. offend public policy, and,
c. are immoral, unethical, oppressive, and unscrupulous; and,
 d. have caused substantial injury to the plaintiff."
These factual allegations are not sufficient to sustain a CUTPA claim. The plaintiff has alleged legal conclusions which are not sufficient to support a claim upon which relief can be granted. Accordingly, the motion to strike the second count is granted on this ground also.
JOHN P. MAIOCCO, JR., JUDGE