[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I.
Introduction
The instant case[1] involves the foreclosure of a $1,200,000.00 mortgage evidenced by the defendants' promissory note dated May 5, 1989. The plaintiff seeks to strike the defendants' counterclaims which allege that the loan practices of the plaintiff bank were "immoral, unethical, oppressive and unscrupulous" and constitute a violation of General Statutes 42-110 et. seq. (CUTPA) as officials of the plaintiff bank, inter alia, (1) froze the defendants' bank accounts making it impossible to make payments on the note; (2) falsified loan documents and demanded kickbacks; (3) refused to advance sums under the note; and, (4) broke agreements to waive certain payments. The plaintiff maintains that the counterclaims are improper as (1) they do not present substantially similar factual and legal issues justifying joinder in this action and (2) that CUTPA does not apply to banks. CT Page 10008
 II.
Discussion
The motion to strike, Practice Book 152, is utilized, inter alia, to test the legal sufficiency of any count in a complaint (or counterclaim). Like the demurrer which it replaces, the motion to strike admits all well pleaded allegations and cannot be opposed by facts outside the pleadings. State v. Bashura, 37 Conn. Sup. 745, 748 (1981). Facts alleged in the complaint are to be construed in a light most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80,82 (1980).
 B.
Counterclaims are allowed under our rules of practice if "the counterclaim . . . arises out of the same transaction or one of the transactions which is the subject of the plaintiff's complaint". Practice Book 168. In Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161 (1983), the court discussed the "transaction test" ruling that the counterclaim therein, a claim for property damage as a result of a surface water diversion, did not rise out of the plaintiff's sewer and tax lien foreclosure action. The court found that a substantial duplication of effort would not result if the respective claims were separately tried. (Emphasis supplied). The instant case presents a totally different situation. First, the allegations of the counterclaims are clearly related to the plaintiff's complaint, namely, non-payment of the note. For instance, defendants' paragraph 2e alleges that bank officials, on various occasions, promised to waive interest payments on the loan and then, reneged on those promises. Second, the defendants have filed special defenses covering all of the issues raised in the counterclaims.[2] Thus, striking the counterclaims would only result in duplication of effort. Judicial economy would not be served by striking the counterclaims.
 C.
Plaintiff also seeks to strike the counterclaims maintaining that CUTPA does not apply to banks. General Statutes42-110b(a) states that "[n]o person shall engage in unfair CT Page 10009 methods of competition and unfair acts or deceptive acts or practices in the conduct of any trade or commerce." While our Supreme Court has not directly ruled on this subject, a number of Superior Court judges have ruled that CUTPA applies.
See, Faitella v. North Atlantic Planning Corporation, 5 Conn. L. Rptr. No. 16, 431 (January 6, 1992, Byrne, J.); Chase Manhattan Service Corporation v. Metz, 4 Conn. L. Rptr. No. 20, 660 (September 11, 1991, Susco, J.); Eylward v. Bank of Boston Connecticut, 4 Conn. L. Rptr. No. 15, 504 (August 6, 1991, Burns, J.); Connecticut National Bank v. Hartling, 4 Conn. L. Rptr. No. 14, 451 (August 1, 1991, Mihalakos, J.); Westledge Real Estate Inc. v. Suffield Bank,3 Conn. L. Rptr. 170, 172 (January 24, 1991, Clark, J.); Bristol Savings Bank v. Szydlowski, 3 Conn. L. Rptr. 113, 116 (January 7, 1991, O'Connor, J.); Financial Federal Savings Bank v. Breen,2 Conn. L. Rptr. 665, 667-68 (October 31, 1990, Freed, J.); Old Town Common Condo Association, Inc. v. O. Corporation,2 Conn. L. Rptr. 597 (October 16, 1990, Thim, J.); Juris Associates Limited Partnership v. Bank of Boston Connecticut,1 Conn. L. Rptr. 740 (June 13, 1990, Ripley, J.); National Industrial Bank of Connecticut v. Harmon, 1 Conn. L. Rptr. 288, 289 (February 16, 1990, Hammer, J.); Peterson v. People's Bank, Conn. L. Rptr. 73, 75 (December 5, 1989, Freed, J.); Ebersol 
McCormick v. Torrington Savings Bank, 4 CSCR 499, 500 (May 26, 1989, Pickett, J.); Pia v. Midconn Bank Security of America Life Insurance Co., 4 CSCR 143, 144 (December 14, 1988, Dorsey, J.); Wright v. Bank of Darien, 3 CSCR 253, (January 25, 1988, Harrigan, J.); Andrews v. Connecticut Bank and Trust Co., 1 CSCR 795, 796 (September 22, 1986, T. Sullivan, J.); Weisman v. Westport Bank and Trust Co., 1 CSCR 283, 284 (April 30, 1986, Zoarski, J.).
At the federal level, Judge Cabranes has also found that the statute applies to banks. American Savings Bank, FSB v. Amity Bank, et al, Civ. No. B-88-534, 15 Conn. L. Trib. No. 32, 25 (D.Conn. July 27, 1989).
This court likewise does not believe that banks are exempt from CUTPA. Plaintiff's main argument is that as banks are regulated by other statutory schemes, they fall within the exemption of Section 42-110c ("nothing in this chapter shall apply to (1) transactions or actions otherwise permitted under the law . . . ."). While our Supreme Court has ruled that actions of a municipal housing authority fall within the exemption CT Page 10010 since the authority is pervasively regulated by state and federal agencies, Connelly v. Housing Authority, 213 Conn. 354,361 (1990), it has also noted that other industries, including insurance, can clearly be subject to more than one regulatory scheme. Mead v. Burns, 199 Conn. 651, 663 (1986). The court therein adopted the reasoning of the Supreme Judicial Court of Massachusetts:
 "[t]he mere existence of one regulatory statute does not affect the applicability of a broader, nonconflicting statute, particularly when both statutes provide for concurrent coverage of their common subject matter." Id., 663 citing Dodd v. Commercial Union Ins. Co, 373 Mass. 72, 78, 365 N.E.2d 802 (1977).
Such is the case herein. The court finds that the defendants may allege a CUTPA violation.
 III.
Conclusion
The motion to strike the counterclaims is denied.
MARSHALL K. BERGER, JR., JUDGE