[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff ("Fosdick") filed this action in contract, alleging breach of contract, negligence, tortious interference with a contract, breach of implied covenant of good faith and fair dealing, conversion and violation of the Connecticut Unfair Trade Practices Act (CUTPA), 42-110a, et seq. of the General Statutes.
The defendants moved to strike the CUTPA count(s) and the accompanying demands for punitive damages and counsel fees, on the ground that the claims failed to state a claim upon which relief can be granted because CUTPA does not apply to banks.
The motion to strike challenges the legal sufficiency of the complaint. Practice Book 152; Ferryman v. Groton, 212 Conn. 138,142 (1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). The motion admits all facts well pleaded but does not CT Page 6497-BB admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos, supra, 108; Alarm Applications Co. v. Simsbury Voluntary Fire Co., 179 Conn. 541, 545 (1980). In deciding the motion, the court must view the facts in the light most favorable to the nonmoving party, including facts which are necessarily implied and fairly provable from the factual allegations. Gordon v. Bridgeport Housing Authority, 208 Conn. 161
(1988); Alarm Applications Co., supra, 545; Noble v. Marshall,23 Conn. App. 227, 229 (1990). While the court cannot look beyond the pleadings for facts not alleged therein, Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990), if the factual allegations would support a cause of action or a defense, the motion to strike must be denied. Ferryman v. Groton, supra, 142; Alarm Applications Co. v. Simsbury Volunteer Fire Co., supra, 545.
CUTPA is a remedial statute and must be liberally construed in order to effectuate its public policy goals. Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 756 (1984). Nevertheless, the statute allows certain exemptions: "Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under CT Page 6497-CC law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States. . . ." Section 42-110c(a), General Statutes. Connecticut's Supreme Court has not ruled on this precise issue and, accordingly, there exists a split of authority among the trial courts in applying CUTPA to banks.
The defendant banks argue that the statutory provisions do not apply because: (1) the Federal Trade Commission Act contains an express exemption for banks, therefore, by implication CUTPA should be read to exempt banks; and (2) the banking industry is already subject to pervasive statutory regulation.
The determination of what falls within the proscription against unfair or deceptive acts in the conduct of any trade or commerce requires that courts "be guided by the interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act 15 U.S. 45(a)(1) . . . ." General Statutes, 42-110b(b). The state's Supreme Court consistently has held that federal cases decided under the Federal Trade Commission Act (FTCA) and Federal Trade Commission (FTC) rulings must "serve as a lodestar for interpretation of the CT Page 6497-DD open-ended language of CUTPA." Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 179 (1986). Also, see Connolly v. Housing Authority, 213 Conn. 354, 363 (1990).
In accordance with the analytical approach that guides the courts which must determine the applicability of CUTPA, the defendants rely upon People's Bank v. Horesco, 1 CSCR 62 (January 22, 1986, Jacobson, J.) aff'd on other grounds, 205 Conn. 319
(1987), wherein the court reasoned that because the banking industry is expressly exempt from the FTCA provisions which are the underlying statutory basis for the interpretation of CUTPA, the statute therefore does not apply to the banking industry despite the fact that it does not expressly exempt banks.
In support of their claim that CUTPA does not apply to banks because of the state's pervasive regulation of the banking industry, the defendants cite the court's holding in Russell, supra. That case held that CUTPA does not apply to transactions in securities despite the fact that the statute does not expressly exempt securities transactions. The court reasoned that the securities field was already regulated to a significant extent in the state without CT Page 6497-EE regard to the FTCA:
 "The FTC has never undertaken to adjudicate deceptive conduct in the sale and purchase of securities, presumably because such transactions fall under the comprehensive regulatory umbrella of the Securities and Exchange Commission."
Russell v. Dean Witter Reynolds, supra, 180.
The defendants urge the court to apply the reasoning in Russell to the CUTPA claims presented here because, it is argued, there are few businesses more heavily regulated in the state than banking. Four recent cases support the Russell and Horesco decisions. See Evervest, Inc. v. Advest Bank, 4 CTLR 423 (July 30, 1991, Wagner, J.) (CUTPA is not generally applicable to banks because they are subject to extensive regulation under State and federal laws and regulations); Washington Trust Co. v. Alland Associates, 3 CTLR 5 86 (April 9, 1991, Leuba, J.) (in accord with the reasoning of Russell, CUTPA does not apply to banks since they are otherwise regulated by the state); Dwyer Products Corp. v. Lafayette Bank Trust Co., 3 CTLR 360 (March 11, 1991, CT Page 6497-FF Maiocco, J.) (CUTPA does not apply to banking); Bristol Savings Bank v. Sattler, 4 CSCR 351 (Aronson, J.) (agreeing with the reasoning in Russell and Horesco that banks are exempt from CUTPA because they are expressly exempt from coverage under the FICA and because they are pervasively state regulated).
A significant number of cases hold that CUPTA does indeed apply to banks and, generally, the decisions point to the fact that although the FTCA expressly exempts banks, CUTPA contains no such express exemption and, in construing a statute, a court should not find an exemption by implication. Moreover, the claim of pervasive regulation is somewhat diluted by the lack of comprehensive regulation of the banks' credit card activities. Furthermore, pervasive regulation alone is not sufficient to exempt an activity from regulation under CUTPA. Both the legal profession and the insurance industry have been held subject to CUTPA despite the extensive regulation of their activities. See e.g., Mead v. Burns, 199 Conn. 651 (1986) (CUTPA applies to insurance industry where a CUTPA claim is based on an allegation of a CUTPA violation); Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510 (1983) (CUTPA, in its regulation CT Page 6497-GG of "the conduct of any trade or commerce," does not totally exclude from its purview all conduct of the profession of law).
Prior to this action, the plaintiff and defendant Shawmut Bank executed an agreement wherein Shawmut processed credit card receivables of various third parties delivered to it by the plaintiff, including the receivables of an entity known as Pertect Systems. In January of 1991, Shawmut informed Fosdick that it had seized funds from accounts maintained by Fosdick with defendant Connecticut National Bank ("CNB") because of a dispute between Shawmut and Pertect Systems. The pervasive regulation of state banks notwithstanding, the plaintiff argues, there are no specific remedies provided claimants against banks for improprieties suffered in the processing of credit card receivables.
The decisions cited by the defendants must be accorded respect, not because of their number but because of the persuasiveness of the underlying reasoning. Again, however, well understood principles of construction prohibit the creation of an exemption by implication. Those same principles favor liberal construction oE a statute's language so as to effectuate, rather CT Page 6497-HH than defeat, its purpose. This is especially important where, as here, the statute specifically enumerates activities exempt from its provisions. The decision in Mead v. Burns, supra, makes clear the court's direction in holding that methods, acts or practices not heretofore specifically declared unlawful by the FTC or the federal courts may be subject to CUTPA. Also see, Andrus v. North American Bank, 6 CSCR 458 (May 13, 1991, Fuller, J.) (fact that banks are subject to state and federal regulations for certain activities does not mean that those regulations cover all actions taken by banks; CUTPA provides no explicit exemption for banks); Economic Development Associates v. CitiTrust, 6 CSCR 400
(April 22, 1991, Dranginis, J.) (CUTPA contains no express exemption for banks and as a remedial statute must be liberally construed); Westledge Real Estate, Inc. v. Suffield Bank, 3 CTLR 217 (February 11, 1991, Clark, J.) (CUTPA is to be liberally construed to effect public policy goals; granting an exemption may be an improper judicial expansion of a legislative exception); Bristol Savings Bank v. Szydlowski, 3 CTLR 146 (January 28, 1991, O'Connor, J.) (CUTPA applies in light of its remedial nature); Ebersol McCormick v. Torrington Savings Bank,4 CSCR 499 (May 26, 1989, Pickett, J.) CUTPA contains no explicit exemption for banks); Pia v. Midconn Bank Security of CT Page 6497-II American Life Ins. Co., 4 CSCR 143 (February 27, 1989, Dorsey, J.) (court adopts Weisman rationale; CUTPA does not explicitly exempt banks); Wright v. Bank of Darien, 3 CSCR 253 (April 14, 1988, Harrigan, J.) (CUTPA's remedial nature demands a liberal interpretation); Andrews v. Connecticut Bank Trust Co.,1 CSCR 795 (November 17, 1986, Sullivan, J.) (Meads v. Burns applied CUTPA to the insurance industry; analogy applies to banking; CUTPA is remedial and must be liberally construed); Weisman v. Westport Bank Trust Co., 12 Conn. Law Trib. No. 23, p. 29 (April 30, 1986, Zoarski, J.) (the only activities specifically exempt from CUTPA are those activities specifically permitted under law by a regulatory agency; it is possible to find acts or practices not heretofore specifically declared unlawful by the FTC to be prohibited by CUTPA; granting exemption may be an improper judicial expansion of a legislative exception).
In determining whether a practice violates CUTPA, the court must, of course, employ the criteria adopted by the state's Supreme Court:
"`"(1) [W]hether the practice, without necessarily having CT Page 6497-JJ been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous (3) whether it causes substantial injury to customers. . . ."'" Mead v. Burns, 199 Conn. 651, 664-65, 509 A.2d 11 (1986), quoting FTC v. Sperry Hutchinson Co., 405 U.S. 233, 244 n. 5, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972).
Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-312
(1990). All three criteria need not be satisfied to support the requisite finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because, to a lesser degree, it meets all three. Atlantic Ridgefield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987).
In the fifth count of the complaint, Fosdick alleges that defendant Shawmut's unjustifiable seizure of funds from plaintiff's account, which Shawmut knew were funds belonging to various CT Page 6497-KK third parties and which were entrusted by them to the plaintiff, constitutes action that is immoral, oppressive and unscrupulous. The sixth count alleges that defendant CNB's failure to maintain the funds contractually entrusted to it by Fosdick constitutes action that is immoral, oppressive and unscrupulous. These claims are sufficient to meet the criteria which the court must consider in determining whether a practice violates CUTPA. The plaintiff should not be precluded from the opportunity to prove its allegations of a practice of wrongful taking of funds from its accounts by the defendants.
The regulations imposed upon the defendants by federal and state laws do not cover the illegal actions alleged here. A reading of CUTPA leads this court to conclude that the provisions of the statute are applicable to banks for the reasons stated in the cases cited holding that banks are subjected to regulation and liability under CUTPA.
The motion to strike the fifth and sixth counts is denied.
Gray, J. CT Page 6497-LL