## DEFOREST & HOTCHKISS COMPANY

vs.

## ALBERT CHAUSER

Superior Court      New Haven County      File #46171

Present:   Hon. JOHN RUFUS BOOTH, Judge.

Edward A. Reynolds,        Attorney for the Plaintiff.

Ullman & Hermann,        Attorneys for the Defendant.

## MEMORANDUM FILED MARCH 4, 1935.

BOOTH (JOHN RUFUS), J.   The action for the specific performance of an alleged agreement to transfer certain de-scribed real estate owned and possessed by the respective partis, or for damages alleged to have been suffered by the plaintiff by reason of an alleged breach by the defendant of the aforesaid agreement.

The agreement is alleged to have been in writing, a copy of which has been filed in Court by the plaintiff, marked **Exhibit "A"**, and reads as follows:

"For the consideration of one dollar ($1) and values.

exchanged this agreement is hereby drawn this 19th day of November, 1934 between the DeForest & Hotchkiss Company, a corporation of 115 Water St., New Haven, Conn., and Albert Chauser of 1946 Chapel St., New Haven, Conn. The DeForest & Hotchkiss Company agrees to deliver to said Albert Chauser a three-family house and land owned by it on Terrace Street, New Haven, Conn., in return for which Albert Chauser agrees to deliver to the said DeForest & Hotchkiss Company all land owned by him at the corner of Qu innipiac Ave. and Fulton Street, New Haven, Conn., being all the open land upon which there are no buildings, approximately 330 ft. by 240 ft., more or less. Transfers to be made by warranty deed and certificate of title, taxes, interest, insurance, etc., to be adjusted on both properties as of date of sale, being the land foreclosed by Albert Chauser against Pasquale Valenti.

Witnessed: H. E. Parken
Samuel M. Hershatter
The DeForest & Hotchkiss Company
By Thomas L. Wimble, Treasurer
A. Chauser.

According to the further allegations of the complaint the defendant subsequently notified the plaintiff that he would not carry out said agreement and failed to appear at a time and place where the defendant's agent had previously notified the plaintiff and its agent that the transaction would be consumated. It is also further alleged in substance that the aforesaid time a duly authorized officer of the plaintiff presented himself at the aforesaid place for the purpose of closing the aforesaid transaction; that the plaintiff was at that time and at the present time is ready, willing and able to effectuate his portion of the aforesaid transfers and has executed a deed of conveyance of its property to the defendant which deed it will deliver to the defendant upon receipt of the defendant's deed, provided the adjustments referred to in the aforesaid writ and agreement are made.

The demurrer as filed attacks the legal sufficiency of the complaint on the ground that **Exhibit "A"** does not comply with the requirements of a memorandum of such character in that it does not sufficiently identify the property involved, and in that the terms upon which the respective transfers were to be made as specified are indefinite and uncertain. **Section 5982:**

"No civil action shall be maintained upon any agree-

ment for the sale of real estate or any interest in or concerning it, unless such agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith, or his agent;"

The agreement or memorandum of sale required by the above statute must state the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parole proof, or by reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement. (Gendelman vs. Mongillo, 96 Conn. 541.) Insofar as the subject of identity is concerned, it appears the agreement in question specifies that one of the properties consists of:

"A three-family house and land owned by it (The DeForest & Hotchkiss Company) on Terrace Street, New Haven, Conn. and the other property consists of: "All land owned by him (Albert Chauser) at the corner of Quinnipiac Ave. and Fulton St., New Haven, Conn., being all the open land upon which there are no buildings, approximately 330 ft. by 240 ft., more or less . . . being the same land foreclosed by Albert Chauser against Pasquale Valenti".

Parole evidence is admissible to apply the description given in the memorandum, if it be a definite description, to the premises conveyed, if this identification can be made with reasonable certainty. If the description can be identified by proof of some extraneous fact, that may be done, although, if it be necessary to add a term to the description, that cannot be done. (Gendelman vs. Mongillo, 96 Conn. 546 and 547.) That the identification of the properties involved is stated in the memorandum with reasonable certainty there can be no question as one is specified by a street location and the other is specified by a street corner location and as being the same land foreclosed by Albert Chauser against Pasquale Valenti; both are also specified as being in New Haven, Connecticut and as being owned by the respective defendants. While it is true that the specification concerning the street corner location of the Chauser land does not indicate which corner contains the land in question, evidence from the Land Records of the City wherein it is specified the land is situated, will reveal the exact location of land foreclosed by the defendant against Pasquale Valenti. Evidence may also properly be offered that it was the only land owned by him at the street corner referred to.

From all of this evidence an inference may properly be drawn as to the precise property the defendant Chauser intended to convey. Likewise with reference to the property of the defendant, the DeForest & Hotchkiss Company, parol evidence to the effect that it owned but one three-family house on Terrace Street, New Haven, Connecticut, would furnish a basis for an inference as to the precise property which it intended to convey.

In view of the foregoing it must be found that the memorandum, Exhibit "A", is sufficient insofar as the identity of the properties is concerned and therefore the first ground of the defendant's demurrer is not well taken. (See Gendelman vs. Mongillo, 96 Conn. 541.) The remaining grounds of demurrer relate to the subject of the terms upon which the transfers in question were to be made. According to the allegations of the complaint both properties were free of all encumbrances except taxes and the agreement was that one property was to be exchanged for the other, subject only to an adjustment of taxes, interest and other kindred items. The memorandum, however, contains no express provision as to the time when it is to be completed and the only references therein concerning the terms upon which the transfers were to be made are contained in the following sentences:

"Tranfers to be made by warranty deed and certificate of title, taxes, interest, insurance, etc. to be adjusted on both properties as of date of sale."

"A memorandum is insufficient where a decree based thereon would not carry out the true agreement as made by the parties or where the agreement stated in the memorandum does not express the entire agreement between the parties, so these must be supplemented by parole evidence of the negotiations."

(Gendelman vs. Mongillo, 96 Conn. 541 at 545; Santoro vs. Mack, 108 Conn. 683 at 688.)

If the parties had not in fact agreed upon a time to complete the contract of which Exhibit "A" is claimed to have been a memorandum, it would be presumed that it was to be completed within a reasonable time. Where, as in this case, the memorandum provides that the taxes, interest, insurance, etc. are to be adjusted "as of date of sale" it must be assumed that this refers to the time when the contract is to be carried out and it clearly points to the fact that some time was in the contemplation of the parties as one of the terms of the agreement. There is nothing in the memorandum itself, however,

by which the time of the carrying out of the agreement can be determined. In this respect it lacks that certainty required by the rule applicable to a memorandum of this character.

For this reason it cannot be held that the memorandum in question is a sufficient compliance with such rule. A complaint based upon such memorandum would not carry out the true and entire agreement of the parties. (Santoro vs. Mack, 108 Conn. 683 at 689.)

For the foregoing reasons it is found that paragraphs two and six of the defendant's demurrer are well taken. The demurrer is, therefore, sustained.