## LILLIAN R. HOLDEN
### vs.
## JOHN P. HOLDEN

Superior Court          Hartford County          File #51401

Present: Hon. NEWELL JENNINGS, Judge.

W. M. Harney,                    Attorney for the Plaintiff.

Forward & Daly,                  Attorneys for the Defendant.

## MEMORANDUM FILED MARCH 23, 1937

JENNINGS, J.   The issue in this case is as stated in the plaintiff's memorandum:

"The question to be answered by this memorandum is whether the fact that the defendant voluntarily contributed to his wife's support from the time of his departure from their home to the date of the trial of this action is a bar to a decree in favor of the plaintiff wife on the ground of desertion."

As stated in both briefs there does not appear to be any Connecticut case squarely in point.   The case of **Tirrell vs. Tirrell, 72 Conn. 567,** is, however, instructive.   In that case Judge Roraback held that while there was cessation of cohabitation with intent not to resume it, the fact that the defendant had furnished support during the period of desertion under order of court barred a decree for the plaintiff.   This was placed squarely on the ground that (page 570) "If wilful or utter desertion for three years constituted a complete ground for divorce, I should be inclined to the opinion that a divorce should be granted; but our law upon the subject goes much further, and requires, in addition to wilful deser-

tion for three years, that there shall be a total neglect of all duty. One of the chief duties and obligations which result from the marriage contract is that of support on the part of the husband."

The Supreme Court held that this statement in the memorandum attached undue weight to the fact of support furnished under compulsion and ordered a new trial. A careful reading of the decision has convinced me that, had the support been voluntarily furnished, the judgment would have been affirmed. See also **Bennett vs. Bennett, 43 Conn. 313,** where the voluntary furnishing of support by the defendant appears to have been a subsidiary cause for refusing to sustain a decree for the plaintiff.

Complaint dismissed on the ground that "total neglect of duty" was not shown.