## STATE OF CONNECTICUT EX REL.
## THOMAS P. KELLY
### vs.
## HUGH M. ALCORN

Superior Court New Haven County File #12786
(At Waterbury)

MEMORANDUM FILED JUNE 30, 1938.

Thomas F. McDonough, of New Britain, for the Plaintiff.

INGLIS, J. This information in the nature of quo warranto is brought to test the authority of the defendant to act as a special state's attorney in the filing in the Superior Court at Waterbury, of an information charging crime against the

relator and others. The plea alleges, in substance, that, on February 4, 1938, Lawrence L. Lewis, the state's attorney at Waterbury, and William B. Fitzgerald, the assistant state's attorney, made application to the Court reciting that they were disqualified to act with reference to the further investigation and prosecution of possible crimes in connection with the affairs of the City of Waterbury and praying that a special attorney be appointed by the Court for the purpose of conducting such investigation and prosecution. It further alleges that thereupon the Court appointed the defendant Hugh M. Alcorn as such special state's attorney and thereafter the defendant took the oath prescribed by law. The contention of the relator on this demurrer is in brief that certain conditions prerequisite to the appointment of such a special state's attorney as provided in section 829d of the Supplement to the General Statutes (1937) did not exist in connection with the appointment of the defendant.

Said section 829d so far as it relates to the present controversy, reads as follows: "Special prosecuting attorney. If the state's attorney or assistant state's attorney in any county shall be absent or disqualified to act in any cause pending before the superior court, wherein the state is a party, said court may appoint a special attorney for the prosecution of such cause. . ."

The first contention of the relator is that this section is to be so interpreted that before such a special state's attorney is appointed there must be a criminal action pending in the sense that either an indictment or an information has been filed in the Court, and that, in this case, such was not the situation at the time the appointment was made.

If such were the correct interpretation of the statute, the statute itself would be practically nugatory. If a state's attorney is disqualified to act in the prosecution of a case he is certainly disqualified to decide whether a prosecution should be instituted. He is disqualified to sign or file an information. If no one may be appointed a special state's attorney until after an information is filed there is no one qualified to institute the proceeding and the criminal goes unpunished.

It is no answer to say that proceedings may be instituted in a lower court and bound over to the Superior Court because it has so long been recognized and settled procedure in this State for criminal actions to be instituted on informations filed by the state's attorneys in the Superior Court, that it is hardly

to be imagined that the Legislature in adopting said section 829d intended to do away with that procedure where a state's attorney was disqualified to act. Likewise it is no answer to say that proceedings may be had under section 691 of the General Statutes, Revision of 1930, because that section itself requires that the proceedings be initiated by a qualified state's attorney and, moreover, it is controlled by the provisions of section 679 which apparently limit its use to cases of corrupt practices.

Accordingly, it is clear that if section 829d is construed in such a way that no special state's attorney may be appointed until after an information has been filed in the case in which he is to act, then the prosecution of crime will be greatly hampered, to put it mildly. "The intent of the lawmakers is the soul of the statute, and the search for this intent we have held to be the guiding star of the court. It must prevail over the literal sense and the precise letter of the language of the statute. . . . When one construction leads to public mischief which another construction will avoid, the latter is to be favored unless the terms of the statute absolutely forbid. . . . 'A statute should be construed, having in view the nature and reason of the remedy and the object of the statute, in order to give effect to the legislative intent.'" *Bridgeman vs. Derby,* 104 Conn. 1, 8.

With these considerations in mind it is apparent that the true interpretation of section 829d is quite different from that for which the relator contends.

The wording of the statute is: "If the state's attorney . . . shall be absent or disqualified to act in any cause pending before the superior court, wherein the state is a party. . . ." A "cause" as used in the statute is the equivalent of a cause of action. That is, it is a set of facts upon which it appears that a right has been violated or a wrong committed. In this sense, when a crime has been committed, that is, when the right of the State has been violated, a cause of action has come into being. The cause is in existence as soon as the crime is committed.

The word "pending" in the common usage of the word as stated in Webster's New International Dictionary means, "hanging, overhanging, hence imminent, impending." In that sense, as soon as a crime has come to light the cause is pending. The prosecution is imminent and impending and if the

cause is of such a nature that it is within the jurisdiction of the Superior Court it is a cause pending before the Superior Court.

The word "party" in the phrase "wherein the state is a party" does not mean a party of record. It means simply the person whose right has been violated. The whole phrase therefore refers to a cause wherein the State is the person whose rights have been violated irrespective of whether a court action has been started so that it has become a party of record.

Accordingly, the reasonable interpretation of the statute is to the effect that a special state's attorney may be appointed by the Court whenever it appears that the state's attorney is disqualified to act with reference to any crime which is supposed to have been committed or with reference to any cause of action in which the rights of the State are claimed to have been violated when the prosecution of such cause of action is imminent or impending in the Superior Court.

On the allegations of the plea in this case that was the situation when the defendant was appointed special state's attorney. It was apparent that it was at least suspected that a cause of action in favor of the State existed and that it was imminent that such cause of action would come before the Superior Court at Waterbury. It might fairly be said, therefore, that such a cause of action to which the State was a party was pending in that Court. Accordingly, if the state's attorney were disqualified to act in such a cause it was proper under the statute to appoint a special state's attorney.

The second main contention of the relator is that the regular state's attorney was not disqualified because the regular state's attorney for New Haven County, Mr. Hoyt, was not disqualified. This raises the question as to whether the state's attorney for New Haven County has authority to act as such in the judicial district of Waterbury, and this calls for an interpretation of section 1633c of the Cumulative Supplement to the General Statutes (1935). That section makes it clear that the state's attorney at Waterbury has the same powers and duties within the judicial district of Waterbury that other state's attorneys have in their respective counties. Although there is a provision whereby the state's attorney for New Haven County may request him to assist at criminal terms in New Haven, when he acts at Waterbury he is a state's attorney and in no sense an assistant to the state's attorney for New Haven County.

If the state's attorney for New Haven County had power to prosecute in the district of Waterbury there would be a conflict of authority between the two. If both could act, one might institute a prosecution which was against the other's better judgment and then the other would have authority to terminate that action. Such a situation would be intolerable. The statute should not be so construed as to permit it if it is open to any other interpretation. The most natural interpretation is that the intention of the Legislature expressed therein is that the judicial district of Waterbury is a jurisdiction on exactly the same plane as are the respective counties of the State and that the state's attorney at Waterbury has full and exclusive power to prosecute crime within that district. The state's attorney for New Haven County has power to prosecute for New Haven County outside of the district of Waterbury, but has no concurrent power within the district of Waterbury. It follows that when section 829d speaks of a state's attorney "in any county" being disqualified it contemplates that the district of Waterbury is a county by itself independent of the rest of New Haven County. Accordingly, it was not necessary for it to appear that Mr. Hoyt was also disqualified before a special state's attorney might be appointed at Waterbury.

Another consideration bearing on the whole situation is this: It is to be noted that the statute, section 829d, does not provide nor contemplate that the appointment of a special state's attorney shall be made in a criminal case. The gist of the statute lies in the final clause: "said court may appoint a special attorney for the prosecution of such cause." That is, it is not essential that any case be pending in the Court to give the Court jurisdiction to make the appointment. All that is necessary to give the Court jurisdiction is that it appear that the state's attorney is disqualified. The Court is not coram non judice because no particular criminal action is pending in the Court at the time the order is entered. If the Court is satisfied that the state's attorney is disqualified to act it has jurisdiction to enter the order appointing a special attorney. The Court having jurisdiction to enter the order when the order is entered, it is final and conclusive even though the Court had erred in finding that the state's attorney was disqualified in the sense prescribed by the statute. It is a judicial determination which can not be attacked on quo warranto proceedings.

Moreover, entirely aside from the statute, it would seem

that the Court would have power to appoint a special prosecutor where that became reasonably necessary for the proper administration of the criminal law. The Constitution vests in the Courts the judicial power of the State. Upon the Courts is placed the responsibility to "interpret and administer the law." 35 C.J. 124. Accordingly, a Court must have the inherent power to appoint such officers of the Court as are reasonably necessary for the proper administration of the law. From the earliest times it has been recognized in Connecticut that it was incumbent upon the Courts to appoint prosecutors. *State vs. Keena,* 64 Conn. 212.

If it is an inherent power of the judiciary department, it is fundamental that such a function may not be curtailed by the Legislature. Even though the Legislature forbade it, therefore, the Court would still have the power to appoint whatever officers were reasonably necessary for the accomplishment of justice. Where the Legislature has been silent, still more obvious is it that the Court has the power.

Accordingly, if it were true that because of a narrow interpretation to be placed upon section 829d the Legislature has made no provision for the appointment of a prosecuting officer in a case which has not actually been instituted in Court by the filing of an information, if such a prosecutor were necessary for the accomplishment of justice it must be that the Court would have the inherent power to appoint such an officer.

For the foregoing reason the demurrer to the plea is overruled.