[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE #140 AND #148
The issues in these motions to strike are:
1. Whether defendant's motion to strike the third count of the plaintiffs' complaint as to plaintiffs Vincent A. Roberti (Roberti) and Whiting Development Corp. (Whiting) should be granted for failure to allege facts sufficient to state a claim under the Connecticut Uniform Securities Act (CUSA), Conn. Gen. Stat. 36-470 et seq. (rev'd to 1989)? and
2. Whether defendant's motion to strike the tenth count of the plaintiffs' complaint as to all plaintiffs should be granted for failure to allege facts sufficient to state a claim under the Connecticut Unfair Trade Practices Act (CUTPA). Conn. Gen. Stat. 42-110a, et seq. (rev'd to 1989)?
On January 25, 1990, the plaintiffs, Westledge Real Estate, Inc. (hereinafter "Whiting"), and Vincent A. Roberti (hereinafter "Roberti"), filed a ten count complaint against the defendant, Suffield Bank. The plaintiffs allege claims of fraud (count one), negligent misrepresentation (count two), violation of CUSA, (count three) breach of duty of good faith (count four), breach of an implied covenant of fair dealing and good faith (count five), breach of express warranties (count six), breach of implied warranties (count nine), and breach of CUTPA (count ten). The plaintiffs' allegations arise from a stock purchase agreement between Roberti Group (Westledge's predecessor in interest) and defendant for the purchase of the outstanding shares of Westledge. This transaction also involved a loan from defendant to Whiting, a loan from Whiting to Roberti Group (Westledge's predecessor in interest) and Roberti's personal guaranty of the Whiting loan to the defendant. CT Page 456
On August 29, 1990, defendant filed a motion to strike together with a memorandum of law in support thereof. On September 19, defendant filed a supplemental motion to strike together with a memorandum of law in support thereof. Defendant moves to strike the third count of plaintiffs' complaint as to Roberti and Whiting on the ground that they lack standing to bring a claim pursuant to CUSA. Defendant moves to strike the tenth count of plaintiffs' complaint as to all plaintiffs on the grounds that banks are exempt from CUTPA and that CUTPA does not apply to the sale of securities.
As required by Conn. Practice Bk. 155, the plaintiff has timely filed memoranda in opposition to the motion to strike and the supplemental motion to strike.
The motion to strike was heard at short calendar on October 15, 1990. Defendant hand delivered a letter dated October 17, 1990, to the court alleging additional legal authorities for their motion. Plaintiffs sent the court a letter dated October 22, 1990, in response to the defendant's letter.
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Bk. 152 (rev'd to 1978); Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion admits all facts well pleaded, but does not admit legal conclusions or truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS Inc., 196 Conn. 91, 108 (1985). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail." Ferryman v. Groton,21 Conn. at 142.
I. Third Count — Standing Under CUSA
The defendant in its memoranda in support of its motion to strike, argues that Roberti and Whiting lack standing to bring a claim pursuant to CUSA because they are not purchasers or sellers of a security under the stock purchase agreement in this case.
"Standing concerns the legal right of an individual to set the machinery of the courts in operation." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545-46 (1980) (citations omitted). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether on the merits, the plaintiff has a legally protected interest that CT Page 457 the defendant's action has invaded." Connecticut Assn. of Boards of Education, Inc. v. Shedd, 197 Conn. 554, 558 (1985).
CUSA and CUTPA are both acts which seek to encourage private attorney general litigation. Gill v. Perazzuoli Bros., Inc., 18 Conn. App. 22, 35 (1986). "CUSA unequivocally provided a private cause of action [to a buyer] for injuries caused by deceptive purchase and sales of securities" under Conn. Gen. Stat. 36-498 (a). Russell v. Dean Witter Reynolds, Inc.,200 Conn. 172, 181 (1986).
Plaintiffs' complaint alleged that in order to enable the Roberti Group to make the cash payment for Westledge's shares of stock, defendant induced Whiting to borrow money from defendant which Whiting simultaneously loaned to the Roberti Group in exchange for a promissory note. Plaintiffs further alleged that as part of the Whiting loan transaction, defendant required that Roberti personally guaranty the payment of the Whiting loan. The facts alleged demonstrate that Roberti and Whiting were merely a guarantor and creditor and not a buyer in a securities transaction with a remedy under Conn. Gen. Stat. 36-498. Therefore, Roberti and Whiting have not pled sufficient facts to demonstrate their standing to bring a claim pursuant to CUSA and defendant's motion to strike the third count of plaintiffs' complaint as to Roberti and Whiting must be granted.
II. Tenth Count-Applicability of CUTPA to Banks
The defendant, in support of its motion to strike argues that CUTPA is not applicable to banks.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. 42-110b(a) (rev'd to 1989). CUTPA is a remedial statute, Conn. Gen. Stat.42-110b(d) (rev'd to 1989), and is construed liberally in an effort to effectuate its public policy goals. Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 756 (1984).
The exceptions to CUTPA's coverage are set forth at Conn. Gen. Stat. 42-110(c) (rev'd to 1989). That statute provides, in pertinent part: "Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States." Conn. Gen. Stat. 42-110c(a)(1) (rev'd to 1989). "The burden of proving exemption. . . [is] upon the person claiming the exemption." Conn. Gen. Stat. 42-110c(b).
"The Connecticut Supreme Court has not yet determined CT Page 458 whether CUTPA applies to banks. There is a split of Superior Court authority on this question." Peterson v. Peoples Bank,1 Conn. L. Rptr. 73, 75 (December 5, 1989, Freed, J.).
A Superior Court decision has held banks exempt from coverage under CUTPA reasoning that CUTPA is guided by the Federal Trade Commission Act (FTCA) and that the FTCA expressly exempts banks from coverage. Peoples Bank v. Horesco, 1 CSCR 62
(January 22, 1986, Jacobson, J.), affirmed on other grounds,205 Conn. 319 (1987). However, a recent Connecticut Federal District Court stated:
 The FTC Act does indeed cover banks. Moreover, the governing statutes in Massachusetts are virtually identical to CUTPA, and the Massachusetts Supreme Judicial Court has applied its unfair trade practices act to banks.
American Savings Bank, FSB v. Amity Bank v. Cheshire Management Co., Civil No. B-88-534, U.S. District Court District of Connecticut, Order, July 27, 1989, Cabranes, J. (citations omitted).
Courts which have held that CUTPA applies to banks have reasoned that "since CUTPA is a remedial statute and is to be construed liberally to effectuate its public policy goals, granting banking institutions a CUTPA exemption may be improper judicial expansion of a legislative exception." Peterson,1 Conn. L. Rptr. at 75; citing Weisman v. Westport Bank and Trust, 12 Conn. Law Trib. No. 45, p. 29 (Super.Ct., April 30, 1986, Zoarski, J.). In accordance with this reasoning, CUTPA may apply to banks and the defendant's motion to strike the tenth count of plaintiffs' complaint cannot granted on this ground.
III. Tenth Count-Applicability of CUTPA to Securities Transactions
The defendant, in support of its motion to strike argues that CUTPA does not apply to the sale of securities.
Defendant correctly asserts that CUTPA does not apply to deceptive practices in the purchase and sale of securities. Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 180
(1986). However, the allegations of the tenth count of plaintiffs' complaint allege unfair trade practices in connection with its performance of loan transactions and a guaranty agreement. Therefore, Russell does not apply and the defendant's motion to strike the tenth count of plaintiffs' complaint cannot be granted on this ground. CT Page 459
CONCLUSION
Defendant's motion to strike the third count of plaintiffs' complaint as to Roberti and Whiting is granted and the motion to strike the tenth count of plaintiffs' complaint denied.
CLARK, J.