[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
The plaintiffs, Mecca Development, Inc. (Mecca) and John and Bonnie Evans (Evans) instituted this action against the defendants, Connecticut National Bank (CNB) and the law firm of Reid and Reige seeking monetary and equitable relief arising out of a lending relationship with CNB. The plaintiffs' complaint alleges the following facts. The plaintiff, John Evans is the president and chief executive officer of Mecca. Since 1982 Mecca has had an ongoing relationship with General Motors (GM) involving the testing of an automobile cooling system invented and patented by John Evans. From 1982 through 1989, Mecca received approximately $2,500,000.00 from GM. In September of 1988, Mecca borrowed $750,000.00 from CNB guaranteed by the Evans and further secured by property in Sharon, Connecticut owned by the Evans.
The plaintiffs state that the relationship between Mecca and GM deteriorated throughout the fall of 1989. As of September of 1989, GM owed Mecca approximately $850,000.00. The plaintiffs allege that on October 24, 1989, GM offered the plaintiffs $150,000.00 to settle any outstanding bills. The plaintiffs stated that CNB advised them to accept this offer rather than sue GM. At this time CNB also indicated that it was prepared to call the 1988 loan, unless Mecca's claims against GM were settled.
The plaintiffs further state that in December of 1989, a meeting was held at the CNB office wherein it was stated by CNB's officers that Mecca could not win a lawsuit against GM, that the bank would not wait for such suit to be settled, and that potential investors would be lost by such a suit. The plaintiffs allege that they were not represented by counsel at anytime during these meetings and proceedings.
In the second count of the complaint, the plaintiffs assert that the defendant, CNB, violated the Connecticut Unfair Trade Practices Act (CUTPA) Conn. Gen. Stat. 42-110b, as it took advantage of the plaintiffs' unequal bargaining power in forcing them to settle with.
In the third count of the complaint, the plaintiffs allege that CNB engaged in the unauthorized practice of law in violation of Conn. Gen. Stat. 51-88.
In the fourth count of the complaint, the plaintiffs assert a claim for fraudulent misrepresentation. CT Page 1959
In the fifth count the complaint, the plaintiffs seek an injunction to prevent CNB from bringing an action to foreclose the loan at issue in the present case.
In the sixth count of the complaint, the plaintiffs seek an injunction to prevent the defendant law firm Reid and Reige from representing CNB in an action against the plaintiffs.
On December 24, 1990, the defendant, CNB filed a motion to strike counts two, three and five of the plaintiffs' complaint and a supporting memorandum of law. On January 10, 1991, the plaintiffs filed a memorandum of law in opposition to the motion to strike.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). A motion to strike admits only well pleaded facts, not the legal conclusions contained therein. Maloney v. Conroy, 208 Conn. 392,394 (1988). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc.,190 Conn. 528, 531 (1981).
The defendant asserts in its motion to strike count two of the plaintiffs' complaint that CUTPA is not applicable to the conduct of banks. The Connecticut Supreme Court has not addressed the issue of whether CUTPA applies to banks. See Gaynor v. Union Trust Co.,216 Conn. 458, 482 (1990). There is, however, a split of authority in the Superior Court on this issue. See the following cases holding that CUTPA does not apply to banks: People's Bank v. Horesco, 1 CSCR 62 (January 22, 1986, Jacobsen, J.), affirmed on other grounds, 205 Conn. 319 (1987); and Bristol Savings Bank v. Sattler, et al., 4 CSCR (March 29, 1989, Aronson, J.)
The following cases hold that CUTPA does apply to banks: Connecticut National Bank v. Pinto, D.N. 421839, J.D. of Hartford/New Britain at New Britain, (Feb. 26, 1987, Pickett, J.); Ebersol McCormick v. Torrington Saving Bank, 4 CSCR 499, 500 (May 26, 1989, Pickett, J,) and Weisman v. Westport Bank Trust, 1 CSCR 283 (April 30, 1986, Zoarski, J.).
Despite this split of authority, the plaintiffs' CUTPA claim would support a cause of action, and the defendant's motion to strike count two of the complaint on the grounds that CUTPA does not apply to banks is denied. The defendant states in support of its motion to strike count three of the complaint, that the claim for the unauthorized practice of law is legally insufficient because it has not been alleged that CNB acted for the benefit of the plaintiffs. CT Page 1960
Conn. Gen. Stat. 51-88 governs the practice of law by persons not attorneys. This statute provides in relevant part:
 "(a) A person who has not been admitted as an attorney . . . shall not: (1) Practice law or appear as an attorney-at-law for another, in any court of record in this state, (2) make it a business to practice law, or appear as an attorney-at-law for another in any such court. . . ."
In determining whether one is engaged in the "practice of law" within the statute, "the practical approach is to consider each state of facts and determine whether it falls within the fair intendment of the term." Grievance Committee of the Bar of New Haven County v. Payne,128 Conn. 325, 329 (1941). It is inappropriate to decide such a factual issue on a motion to strike.
Finally, the defendant asserts that the fifth count of the plaintiffs' complaint, which seeks an injunction, should be stricken for the failure to allege irreparable injury and lack of an adequate remedy at law.
The issuance of an injunction is always discretionary with the trial court, even when irreparable harm has been shown. Gorra Realty, Inc. v. Jetmore, 200 Conn. 151, 165 (1986). The party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. Hartford v. American Arbitration Association,174 Conn. 472, 476 (1978). The allegations and proof are conditions precedent to the granting of an injunction. Id.
On December 18, 1990, CNB instituted an action against John and Bonnie Evans and Mecca to foreclose the loan which is the subject of the present action (See D.N. CV 900054972). On February 19, 1991, the court (Pickett, J.) ordered these cases to be companionized. Accordingly, the allegations contained in count five of the plaintiffs' complaint are moot. Therefore, the defendants' motion to strike is granted as to count five of the plaintiffs' complaint.
For the foregoing reasons, the defendant CNB's motion to strike is denied as to counts two and three and granted as to count five of the plaintiffs' complaint.
PICKETT, J.