[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#103)
On December 11, 1990, the plaintiffs Philip and Judith Youmatz, brought a three count complaint against the defendant, Northwest Bank For Savings (Northwest). The defendant moves to strike count three of the plaintiffs' complaint on the ground that the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. 42-110b, is not applicable to banks. Memoranda of law in support and in opposition to the motion to strike have been filed.
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Bk. 152, Ferryman v. Groton, 212 Conn. 138, 142. The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528,531 (1981).
Conn. Gen. Stat. 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
The issue of whether CUTPA applies to banks has not been addressed by an appellate court in this state, See Gaynor v. Union Trust Co., 216 Conn. 458,482 (1990). There is however, a split of authority in the superior court on this issue. See the following cases holding that CUTPA does not apply to banks: People's Bank v. Horesco, 1 CSCR 62 (January 22, 1986, Jacobsen, J.), affirmed on other grounds, 205 Conn. 319 (1987); and Bristol Savings Bank v. Sattler, et al., 4 CSCR (March 29, 1989, Aronson, J.).
The following cases hold that CUTPA does apply to banks: Connecticut National Bank v. Dinto, D.N. 421839, J.D. of Hartford/New Britain at New Britain, (Feb. 26, 1987, Pickett, J. ); Ebersol McCormick v. Torrington Savings Bank, 4 CSCR 499, 500 (May 26, 1989, Pickett, J.) and CT Page 3089 Weisman v. Westport Bank Trust, 1 CSCR 283 (April 30, 1986, Zoarski, J.)
Despite the split of authority, the plaintiffs' CUTPA claim would support a cause of action and the defendants' motion to strike count three of the complaint on the ground that CUTPA does not apply to banks is denied.
PICKETT, J.