[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNT FOUR
This is an action by an investment advisor registered by the Security and Exchange Commission against a bank involving claims arising from the use of the bank's automated cash management system pursuant to a custodial agreement. The four count complaint alleges in the first three counts breach of contract, intentional misrepresentation, and breach of fiduciary duty. The fourth count alleges a violation of Conn. Gen. Stats.42-110a, "CUTPA".
Defendant has moved to strike count four.
The issue of whether a bank is subject to CUTPA has not been decided by our Supreme Court, and there is a well known division of authority among the significant number of Superior Court cases which have dealt with this issue. At least one well-reasoned decision upholding the CUTPA claim as against a bank analyzed the criteria set forth in Connolly v. Housing Authority, 213 Conn. 354 (1990) and relied on the fact that the transaction involved in this particular case was a "consumer-oriented" 3 Conn. L. Rptr. No. 16, 517, April 15, 1991, Litchfield Sup. Court, Dranginis, J. Since the transactions involved in this case are hardly consumer oriented, we join that line of decisions which hold that CUTPA is not generally applicable to banks by virtue of their extensive regulation under state and federal laws and regulations. Washington Trust Co. v. Alland Associates, et al, 17 CLT 18, May 13, 1991, New London Sup. Court, Leuba, J. Bristol Savings v. Sattler,4 CSCR 351 (1989), Aronson, J.; People's Bank v. Horesco,1 CSCR 62 (1986); Connolly v. Housing Authority, 213 Conn. 354 (1990).
Motion to Strike Fourth Count granted.
Wagner, J.