[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION TO STRIKE #103)
On or about May 1, 1989, the plaintiff Ida Eylward attempted to roll over funds from an IRA of her deceased husband into an IRA of her own at the defendant Bank of Boston Connecticut. On or about said date, the plaintiff was advised by an employee of the defendant bank that such a procedure was not allowed since the plaintiff had not earned the money in the IRA. As a result of this allegedly incorrect advice, the plaintiff did not roll over the IRA. As a result of this situation, the plaintiff incurred substantial income tax liabilities. In count three of her complaint, the plaintiff alleges that the defendant has, by the above-described conduct, committed an unfair trade practice in violation of Connecticut General Statutes 42-110, et seq.
The defendant bank moves to strike count three on the ground that CUTPA, 42-110a et seq., does not apply to banks. A motion to strike construes the facts alleged in the manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 531 (1981).
There exists a split of authority on the question of whether CUTPA is applicable to banks. Some courts have held that CUTPA does not apply to banks. Peoples Bank v. Horesco, 1 CSCR 62
(April 21, 1986, Jacobson, J.) aff'd on other grounds, 205 Conn. 319
(1987) (Supreme Court declining to rule on CUTPA issue); Bristol Savings Bank v. Slatter, 4 CSCR 351 (May 15, 1989, Aronson, J.). However, the majority of superior courts have held that CUTPA is applicable to banks. See, e.g., Connecticut National Bank v. Gager, 4 Conn. L. Rptr. No. 1, 11 (May 20, 1991, Leuba, J.); Economic Development Associates v. Cititrust, 3 Conn. L. Rptr. No. 16, 517 (April 15, 1991, Dranginis, J.); Peterson v. People's Bank, 1 Conn. L. Rptr. 73 (December 5, 1989, Freed, J.); Ebersol McCormick v. Torrington Savings Bank, 4 CSCR 499 (July 3, 1989, Pickett, J.); Wright v. Bank of Darien, 2 CSCR 283 (April 4, 1988, Harrigan, J.); Weisman v. Westport and Trust,1 CSCR 283 (June 16, 1986, Zoarski, J.).
When determining what constitutes an unfair or deceptive act, the Connecticut courts are to be guided by the interpretation of the Federal Trade Commission Act, 15 U.S.C. § 45 (a)(1), in the federal courts and by the Federal Trade Commission. Conn. Gen. Stat. 42-110. Banks are expressly exempt from the Federal Trade Commission Act. 15 U.S.C. § 45 (a)(2). Therefore, some courts have concluded that CUTPA is also inapplicable to banks. CT Page 7267 Horesco, 1 CSCR at 62; Sattler, 4 CSCR at 351.
However, as previously alluded to, most courts that have analyzed the issue have ruled that CUTPA is applicable to banks. The burden of proving an exemption from CUTPA, 42-110a, et. seq., is on the party claiming the exemption. Conn. Gen. Stat.42-110c(b); Weisman, 1 CSCR at 284. Courts should "not interpret legislation to enlarge on a legislative exemption." Weisman, 1 CSCR at 284 quoting State v. Turello, 183 Conn. 330, 335 (1981). "CUTPA has no explicit exemption which excluded banks from its ambit." Ebersol McCormick v. Torrington Savings Bank, 4 CSCR at 500. In a reversal of a ruling cited by the defendant, the court noted that the legislature could have specifically exempted banks from CUTPA if such an exemption had been intended. Economic Development Associates, 3 Conn. L. Rptr. No. 16 at 520. Therefore, CUTPA can be found to apply to banking activity. Ebersol McCormick, 4 CSCR at 500; Weisman, 1 CSCR at 284. Such a conclusion is justified because CUTPA is remedial in nature and demands a liberal construction. Peterson, 1 Conn. L. Rptr. at 75; WriGht, 3 CSCR at 254.
For the reasons stated, the logic of the majority of superior courts should be adopted and CUTPA should be held applicable to banks. Accordingly, the motion to strike is denied.
BURNS, J.