[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#108)
The plaintiff, Chase Manhattan Service Corporation moves to strike the third count of the counterclaim filed by the defendant, James T. Metz, on the grounds that the, Connecticut Unfair Trades Practices Act, ["CUTPA"] Conn. Gen. Stat. 42-110b et seq. does not apply to the conduct of banks.
There is a conflict authority in the Superior Court on the issue of whether CUTPA applies to banks. However, the court believes the better reasoned view is that CUTPA should apply to banks. See Economic Development Associates, et al. v. Cititrust, 3 CTLR 517 (April 15, 1991, Dranginis, J.), Mecca Development, et al. v. Connecticut National Bank, et al, 6 CSCR 352 (March 1, 1991, Pickett, J.) and Ebersol 
McCormick v. Torrington Savings Bank, 4 CSCR 499 (May 26, 1989, Pickett, J.).
The plaintiff, in its memorandum of law in support of the motion to strike, also argues that if the court should find that CUTPA does apply to banks, then the defendant has not alleged facts sufficient to substantiate a CUTPA claim.
In determining whether a practice violates CUTPA, the court should employ these criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Sanghari v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-312 (1990).
All three criteria need not be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because, to a lesser degree, it meets all three. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,242 (1987).
"In judging a motion to strike, . . .it is of no moment that the plaintiff may not be able to prove [his] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129. 132 (Super.Ct. 1983). "The sole inquiry at this stage of the pleadings is whether the plaintiff's allegations if proved state a cause of action." Babych v. McRae, 41 Conn. Sup. 280, 282 (1989, Schaller, J.).
Here the defendant, Metz, has alleged facts sufficient to support CT Page 8144 a CUTPA claim and the plaintiff's motion to strike count three of the counterclaim is therefore denied.
SUSCO. J.