[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant American National Bank has moved to strike count nine of the plaintiffs' complaint on the grounds that the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. sec. 42-110a et. seq. does not apply to banks.
Certain courts have held that CUTPA does not apply to banks. Bristol Savings Bank v. Sattler, 4 CSCR 351 (May 15, 1989, Aronson, J.); Peoples Bank v. Horesco, 1 CSCR 62 (April 21, 1986, Jacobson, J.) aff'd on other grounds, 205 Conn. 31
(1987). In ruling upon issues related to CUTPA, the Connecticut courts are guided by the interpretation of the Federal Trade Commission Act, 15 U.S.C. § 45 (a)(1), provided by the Federal Trade Commission and the federal courts. Conn. Gen. Stat. sec. 42-110a. Since banks are expressly exempt from the Federal Trade Commission Act, some courts have held CUTPA inapplicable to banks. Sattler, 4 CSCR at 351; Horesco, 1 CSCR at 62.
However, the majority of superior courts have held that CUTPA applies to banks. See e.g. Economic Development v. Cititrust, 3 Conn. L. Rptr. No. 16, 517 (April 15, 1991, Dranginis, J.); Peterson v. People's Bank, 1 Conn. L. Rptr. 73
(December 5, 1989, Freed, J.); Ebersol McCormick v. Torrington Savings Bank, 4 CSCR 499 (July 3, 1989, Pickett, J.); Eylward v. Bank of Boston Connecticut, 4 Conn. L. Rptr. No. 15, 504 (August 25, 1991, Burns, J.); Weisman v. Westport Bank and Trust, 1 CSCR 283 (June 16, 1986, Zoarski, J.).
The reasoning of those courts which have held CUTPA applicable to banks was well-expressed in Eylward where the court stated that "the burden of proving an exemption from CUTPA . . . is on the party claiming the exemption. Conn. Gen. Stat. sec. 42-110c(b); Weisman, 1 CSCR at 284. Courts should `not interpret legislation to enlarge on a legislative exemption.' Weisman, 1 CSCR at 284, quoting State v. Turello,183 Conn. 330, 335 (1981). `CUTPA has no explicit exemption which exclude[s] banks from its ambit.' Ebersol McCormick v. Torrington Savings Bank, 4 CSCR at 500." Eylward, 4 Conn. L. Rptr. No. 15 at 504. Moreover, "the Legislature could have specifically exempted banks from CUTPA if such an exemption had CT Page 2 been intended." Id. citing Economic Development Associates, 3 Conn. L. Rptr. No. 16 at 520.
Accordingly, the motion to strike is denied.
JOHN M. BYRNE JUDGE, SUPERIOR COURT