[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION TO STRIKE (#118)
On August 7, 1991, the plaintiff, Robert Santamaria, filed a complaint against, inter alia, defendants William Litwin Enterprises ("the Partnership"), William Litwin Enterprises, Inc. ("the Corporation"), and New Haven Savings Bank ("the Bank"). The plaintiff alleges, inter alia, that on August 31, 1998, the Partnership executed a mortgage deed in favor of the plaintiff, mortgaging property of the Partnership. The plaintiff contends that the Partnership wrongfully omitted from the property described in the mortgage deed a lot consisting of approximately twenty-four (24) acres. The Partnership allegedly refused to rectify this error, despite the plaintiff's reliance upon the Partnership's previous description of the property.
The plaintiff further claims that, in consideration for and to indice the plaintiff to act as a Limited Guaranty CT Page 3490 on a construction mortgage loan in favor of the defendant Corporation, the plaintiff and defendants William and Marsha Litwin entered into an indemnity agreement. The plaintiff was to be paid a fee for acting in such a capacity, and the agreement was to be secured by a mortgage on all property owned by the Partnership on Ore Hill Road in Kent, Connecticut. On October 11, 1990, the Partnership executed a note in the amount of $100,000.00, secured by a mortgage on the Ore Hill Road property. The plaintiff maintains that said mortgage was allegedly made with the intent to deprive him of his rightful priority on the property and to avoid the Partnership's obligations to the plaintiff. The plaintiff contends that the Bank knew that the Partnership was obliged and indebted to the plaintiff and, by accepting the aforementioned conveyance, intended to aid, abet and conspire with the Partnership to defraud the plaintiff. The plaintiff alleges that the Bank, through its servants, employees or agents, committed unfair or deceptive acts or practices in the conduct of trade or commerce in violation of General Statutes Section 42-110a, et seq., as a consequence of the aforementioned acts, resulting in losses and damages to the plaintiff.
On January 3, 1992, the Bank answered the complaint and filed four special defenses, the third of which asserts that General Statutes Section 42-110b exempts banks from the application of General Statutes Section 42-110a, et seq. The fourth special defense asserts that the plaintiff has failed to exhaust its administrative remedies under state statute before commencing this action.
On January 14, 1992, the plaintiff filed a motion to strike the third and fourth special defenses and attached thereto a supporting memorandum. On January 21, 1992, the Bank filed an objection to the motion to strike, submitting therewith a supporting memorandum.
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
In its memorandum in support of its motion to strike, the plaintiff claims that the Bank's third special defense should be stricken because General Statutes Section 42-110a, et seq. Connecticut's Unfair Trade Practices Act ("CUTPA") CT Page 3491 has been held to apply to banks. The plaintiff contends that the fourth special defense should be stricken, inter alia, because there is no prerequisite of administrative exhaustion because there is no administrative remedy for such a claim.
The Bank, in its opposing memorandum, contends that CUTPA does not apply to banks and, therefore, the motion to strike the third special defense should be denied. With regard to the fourth special defense, the Bank claims that General Statutes Section 36-25 applies to this case, and that the Bank must exhaust administrative procedures pursuant to that section. Therefore, the Bank claims that the motion to strike should be denied.
THIRD SPECIAL DEFENSE
General Statutes Section 42-110b(a) of CUTPA provides in pertinent part, that: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes Section 42-110b(a). There is a conflict of authority as to whether CUTPA applies to banks. Economic Development Associates v. Cititrust, 3 CTLR 517 (April 15, 1991, Dranginis, J.) "A significant majority of Superior Court decisions. . .have determined that CUTPA is applicable to banks." Id. 520. See, e.g., Bristol Savings v. Szydlowski,3 CTLR 146 (January 28, 1991, O'Connor, J.); Ebersol McCormick v. Torrington Savings Bank, 4 CSCR 499, 500 (May 26, 1989, Pickett, J.); Weisman v. Westport Bank Trust,1 CSCR 283 (April 30 1986 Zoarski J.) But see Bristol Savings Bank v. Sattler, 4 CSCR 351 (March 29, 1989, Aronson, J.) (stating that banks are exempt from CUTPA). Those courts which have held CUTPA applicable to banks do so on the basis that "(1) CUTPA is a remedial statute and should be broadly construed and (2) CUTPA has no explicit exemption which precludes banks from its ambit and as such CUTPA may be found to apply to banking activities." Economic Development Associates, supra, 520.
This court has previously determined that CUTPA does apply to banks. See, e.g., Ebersol McCormick, supra; Connecticut National Bank v. Anderson, 5 CTLR 6 (October 21, 1991, Pickett, J.), and, adhers to its prior decisions. Therefore, the motion to strike the third special defense, is granted.
FOURTH SPECIAL DEFENSE
The Bank's fourth special defense alleges that the plaintiff failed to exhaust its administrative remedies. The CT Page 3492 plaintiff contends that there is no prerequisite of administrative exhaustion as there is no administrative remedy for the plaintiff's claims of fraudulent transfer and violation of CUTPA. Therefore, the plaintiff claims that the fourth special defense should be stricken. The defendant maintains that General Statutes Section 36-25 applies to this case and consequently exhaustion of remedies pursuant to that section is required.
General Statutes Section 36-25 states, in pertinent part, that:
 Proceedings by commissioner upon violation of banking laws. (2) If, in the opinion of the commissioner [of banking], any [institution subject to the jurisdiction of said commissioner] is engaging or has engaged, or said commissioner has, reasonable cause to believe that the institution is about to engage; in an unsafe or unsound practice, or is violating or has violated, or said commissioner has reasonable cause to believe that the institution is about to violate, a law rule, regulation or order, said commissioner may serve upon the institution a notice of charges in respect thereof. . .The notice shall be in the form required under. . . section 477 [of the Uniform Administrative Procedure Act]. . . .
 (3) Said commissioner shall hold a hearing upon the charges made, unless such person or institution shall consent in writing prior to the time fixed for such hearing to the entry by said commissioner of a permanent order of removal or to cease and desist, as the case may be, and shall afford a reasonable opportunity to such person or institution to be heard. . . .(Emphasis added.)
General Statutes Section 36-25.
The defendant maintains that the procedures outlined in General Statutes Section 36-255 pertain to this plaintiff. However, the plaintiff has brought suit against the Bank pursuant to CUTPA and to claims of fraudulent transfer. General Statutes Section 36-25, pertains to actions involving the Commissioner of Banking and the procedures resulting from an action brought by said commissioner against a banking institution or an employee thereof. Therefore, the fourth CT Page 3493 special defense in inapplicable in the present matter, and, consequently, the plaintiff's motion to strike that special defense is granted.
Because the aforementioned analysis is dispositive with regard to the fourth special defense this court need not consider the plaintiff's alternative argument in support of its motion to strike.
PICKETT, JUDGE