On December 23, 1991, the plaintiff, Henry H. Bridgeforth, filed a five-count revised complaint against the defendant Fleet Bank of Connecticut. All five counts allege that the defendant is a financial institution within the meaning of General Statutes 36-9j(b), and that the plaintiff was a customer within the meaning of General Statutes 36-9j(a). Count one alleges that between July 1, 1990 and October 8, 1990, the defendant disclosed financial records as defined by General Statutes 36-9j(c) to Vincent Turley, in violation of General Statutes 36-9k. Counts two, three, four and five allege that between July 1, 1990 and October 8, 1991, the defendant disclosed confidential information and/or records in its possession concerning the plaintiff to Vincent Turley. Count two sounds in negligence, alleging that the defendant failed to use reasonable care in safeguarding the privacy and confidentiality of information and records in its possession concerning the plaintiff. Count three alleges that the defendant intentionally violated the plaintiff's right to privacy. Count four alleges that the defendant breached an implied contract, which, inter alia, provided that the defendant would hold and maintain money in its custody for the plaintiff and would protect the plaintiff's privacy and confidentiality regarding such money to the extent provided by state and federal law. Count five, the subject of the instant motion to strike, alleges that the defendant was engaged in trade and commerce as defined by General Statutes 42-110a, and that the defendant made the alleged disclosures without notification to the plaintiff, which CT Page 5534 constituted unfair and deceptive acts and practices in violation of Connecticut General Statutes, the Connecticut Unfair Trade Practices Act (CUTPA). The defendant has filed a motion to strike count five on the ground that it is legally insufficient because CUTPA does not apply to banks. The defendant and the plaintiff have each filed a memorandum of law in support of and in opposition to the motion to strike, respectively.
The function of a motion to strike is to challenge the legal sufficiency of the allegations set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Specifically, a motion to strike is the proper manner in which to raise a claim as to the legal sufficiency of the allegations of "any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . ." Practice Book 152(1). "`It is incumbent on a plaintiff to allege some recognizable cause of action in his complaint.'" (Citation omitted). Brill v. Ulrey,159 Conn. 371, 374, 269 A.2d 262 (1970).
The defendant and the plaintiff in their respective memoranda acknowledge a split of authority in the superior court regarding whether CUTPA applies to banks, and that the issue has not yet been addressed by an appellate court. Each party urges the court to follow those decisions which support its position.
General Statutes 42-110b(a) provides in relevant part: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." A "person" is defined as "a natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity . . . ." General Statutes 42-110a(3). "Trade" and "commerce" is defined as "the advertising, the sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state." General Statutes 42-110a(4).
CUTPA is a remedial statute and must be construed liberally to effectuate its public policy objectives. Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342, 354,525 A.2d 57 (1987). The statute provides, inter alia, the following relevant exception: "Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the State or of the United States . . ." General Statutes 42-110c(a)(1).
Generally, cases which hold CUTPA does not apply to banks do so because banks are expressly exempt from the Federal Trade Commission Act ("FTCA"), from which CUTPA is derived, and because banks are already subject to pervasive statutory regulation. CT Page 5535 See, e.g., Evervest, Inc. v. Advest Bank, [6 CSCR 800]4 CTLR 423 (August 12, 1991, Wagner, J.); Washington Trust Co. v. Alland Associates, 3 CTLR 447 (April 9, 1991, Leuba, J.); Bristol Savings Bank v. Sattler, 4 CSCR 351 (March 29, 1989, Aronson, J.); People's Bank v. Horesco, 1 CSCR 62 (January 22, 1986, Jacobson, J.); aff'd on other grounds, 205 Conn. 319
(1987).
The majority of superior court cases have held that banks are subject to CUTPA, particularly when they are engaged in consumer-oriented activities. These cases generally reason that: (1) the legislature did not expressly include the FICA bank exemption in CUTPA; and (2) in Web, the supreme court explicitly stated that CUTPA should be broadly construed to achieve its public policy goals. See, e.g., Andrus v. North American Bank,6 CSCR 458 (May 13, 1991, Fuller, J.); Economic Development Associates v. Cititrust, 6 CSCR 400 (April 22, 1991, Dranginis, J.); Westledge Real Estate, Inc. v. Suffield Bank, [6 CSCR 212]3 CTLR 170 (January 24, 1991, Clark, J.); Bristol Savings Bank v. Szydlowski, 3 CTLR 113 (January 7, 1991, O'Connor, J.); Ebersol McCormick v. Torrington Savings Bank, 4 CSCR 499, 500
(May 26, 1989, Pickett, J.); Andrews v. Connecticut Bank Trust Co., 1 CSCR 795 (September 22, 1986, Sullivan, J.).
This court agrees with the reasoning of those cases holding that CUTPA does not apply to banks. In reaching this conclusion this court is guided by the analysis of the Connecticut Supreme Court in determining whether CUTPA applies to the purchase and sale of securities; Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172,179 (1986), and in making a similar determination with respect to the operation of a municipal housing authority, Connelly v. Housing Authority, 213 Conn. 354, 362-363 (1990).
After applying the rationale of Russell and Connelly to the question of whether CUTPA applies to banks, this court concludes that since the Federal Trade Commission Act exempts banks from its coverage, 15 U.S.C. § 45 (a)(2), and since banks are already subject to pervasive federal and state regulation, the provisions of CUTPA do not apply to banks and banking transactions.