[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, National Westminster Bank, N.J. instituted the present action seeking to recover sums due on a note guaranteed by the defendants. The defendants have filed a counterclaim alleging that neither defendant ever signed the promissory note and that one of the defendants was requested to sign the note but refused to do so. The defendants allege that the actions of the plaintiff constitute an unfair or deceptive practice under the Connecticut Unfair Trade Practices Act, General Statutes 41-110a et seq. (CUTPA). The plaintiff has moved to strike the counterclaim asserting that CUTPA does not apply to the banks.
Our Appellate Courts have not resolved the issue of whether CUTPA applies to banking activities. See, Gaynor v. Union Trust,216 Conn. 458, 482 (1990). The court is also aware that there are numerous decisions from the Superior Court producing conflicting results with respect to the application of CUPTA to banking activities. See, e.g. Economic Development Associates v. Cititrust, 3 Conn. L. Reptr. 403 (1991) (Dranginis, J.). (CUTPA applicable to banks); People's Bank v. Horesco, 1 CSCR 62 (1986) (Jacobson, J.), aff'd on other grounds, 205 Conn. 319 (1987) (CUTPA not applicable to banks).
Under General Statutes 42-110b(b), the interpretations by the Federal Trade Commission ("FTC") serve as a guide to the construction of CUTPA and therefore our courts have repeatedly held that cases under the Federal Trade Commission Act serve as a loadstar for the interpretation of CUTPA. Russell v. Dean Witter-Reynolds,200 Conn. 172, 179 (1986). However, banks are specifically exempted from the application of the Federal Trade Commission Act. 15 U.S.C. § 45a(2). "The exclusion of banks from the FTC's jurisdiction appears to have been motivated by the fact that, banks were already subject to extensive federal administrative controls." United States v. Philadelphia National Bank, 274 U.S. 321,336, n. 11 10 L.Ed.2d 915, 83 S.Ct. 1715 (1963).
CUTPA provides exemptions to its application by virtue of General Statutes 42-110c which provides, in pertinent part, "(a) Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the CT Page 6954 state or of the United States."
The plaintiff in the present case is a "National" bank and is therefore subject to laws of the United States. See, 12 U.S.C. § 22,30 and 35. Thus, the plaintiff is subject to federal regulations concerning unfair and deceptive acts and practices as provided for in 15 U.S.C. § 17a(f). ("Unfair is deceptive acts or practices by banks, savings and loan associations, or federal credit services; . . .")
In Connelly v. Housing Authority, 213 Conn. 354, 362 (1990), the court, relying upon Russell, supra, noted that CUTPA is not applicable to transactions that are: (1) explicitly subject to a different and specifically applicable statutory remedy; and (2) are not among the types of transactions to which the Federal Trade Commission Act has been applied.
Without expressing an opinion as the application of CUTPA to banking transactions subject only to state regulations, the court finds that the transactions alleged in the counterclaim are within 1 the exemption set forth in General Statutes 42-110c(a)(1) and within the rational of the Russell and Connelly cases, supra.
Accordingly, the court holds that activities of a national bank are not subject to the provisions of CUPTA and the Motion to Strike the counterclaim and all relief requested thereunder is hereby granted.
RUSH, J.